Percy **BURTON,** Plaintiff-Appellant,

v.

Margaret **HECKLER,** Secretary of Health and Human Services, Defendant-Appellee.

No. 82–4685.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 14, 1983.
Decided Feb. 2, 1984.

John V. Johnson, Chico, Cal., for plaintiff-appellant.

Dennis J. Mulshine, San Francisco, Cal., for defendant-appellee.

Before KENNEDY, ALARCON and TIMBERS *, Circuit Judges.

* Of the Second Circuit, by designation.

TIMBERS, Circuit Judge:

Percy Burton appeals from a summary judgment entered on motion of appellee Secretary of Health and Human Services on September 23, 1982 in the Northern District of California, Eugene F. Lynch, *District Judge.* Burton's cross-motion for summary judgment was denied. The Secretary had determined that Burton was no longer disabled and thus not entitled to Supplemental Security Income benefits (SSI) under 42 U.S.C. § 1381 et seq. (1976 & Supp. V 1981).

We reverse and remand the case to the district court with directions to remand to the Secretary for consideration of additional evidence relating to the mental effects of chronic alcoholism.

I.

Burton was employed as a maintenance worker and laborer until 1971. From 1973 to 1979 he underwent medical treatment for acute and chronic alcoholism with cirrhosis of the liver. In 1977 he was hospitalized for that condition. Beginning May 26, 1978, he was awarded disability benefits, based on a finding of possible gouty arthritis, a degenerative joint disease of the lumbrosacral spine, and cardiomegaly.

Pursuant to a continuing disability investigation by a California state agency, it was determined that Burton's disability had ceased in September 1979 and that his entitlement to SSI benefits terminated at the end of November 1979.

Burton sought and obtained review of this determination by an Administrative Law Judge. On March 21, 1980 the ALJ found that Burton no longer was disabled. Burton did not submit any evidence at the hearing before the ALJ contradicting the apparent improvement in his initial disabilities.

The ALJ's decision became the final decision of the Secretary when the Appeals Council approved it on September 9, 1980. Burton presented evidence before the Appeals Council based on a 1977 hospital re-

port and 1980 letter from his treating physician relating to problems connected with his alcoholism. His presentation included the results of new psychological testing dated August 13, 1980. The testing indicated the presence of a "severe impairment in Mr. Burton's ability to acquire new information and skill or even to reason with his existing information and skill." The report concluded, "Mr. Burton's former work as a janitor is now impossibly hard. He may be unable to perform even the most simple tasks satisfactorily." The Appeals Council, without comment, denied Burton's request for review of this evidence.

Burton sought judicial review in the district court. A psychiatric evaluation dated October 27, 1980 concluding that the deterioration of mental capacity was due to long-term alcohol abuse was submitted to the district court. In addition to arguing that the case should be reversed on the merits, Burton requested that the court remand the case for a further administrative hearing on the basis of the new medical evidence relating to the mental effects of his chronic alcoholism.[1] The court declined to remand the case and entered summary judgment for appellee.

## II.

At the outset, we of course recognize that a remand to the Secretary to consider additional evidence not contained in the administrative record has been limited by the June 9, 1980 amendment to § 405(g) of the Social Security Act. 42 U.S.C. § 405(g) (Supp. V 1981);[2] *Ward v. Schweiker,* 686 F.2d 762, 764 (9th Cir.1982); *Carter v. Schweiker,* 649 F.2d 937, 942 (2d Cir.1981). A remand nevertheless is expressly provided for by the statute where the new evidence is material and there is good cause

for the failure to incorporate such evidence in the record in a prior proceeding. § 405(g).

To meet the materiality requirement, the new evidence offered must bear directly and substantially on the matter in dispute. *Ward, supra,* 686 F.2d at 764. *See Johnson v. Schweiker,* 656 F.2d 424, 425–26 (9th Cir.1981); *Goerg v. Schweiker,* 643 F.2d 582, 583 (9th Cir.1981). We hold that the evidence which Burton seeks to introduce is relevant, material, probative, and presents a reasonable possibility of changing the outcome of the Secretary's determination.

The district court rejected the new evidence which Burton attempted to present to the Appeals Council and to the district court, commenting that any mental impairment from which Burton may have been suffering was not a condition in existence at the time of the September 1979 disability hearing. The court erred in concluding that Burton's psychological status was not an issue before the ALJ. Psychiatric evaluation linked Burton's mental condition to long-term alcoholism, an issue expressly considered by the ALJ. We believe that a reasonable interpretation of the materiality standard should allow new evidence regarding the consequences of Burton's alcoholism, whether such evidence relates to physical or mental impairments. Moreover, the Secretary presented evidence concerning Burton's general mental state at the termination hearing. Thus the issue of mental capacity was squarely before the Appeals Council and the district court.

Section 405(g) as amended also requires a finding of good cause. The good cause requirement often is liberally applied, where, as in the present case, there is no

---

1. 20 C.F.R. § 416.998 (1983) requires that the ALJ consider evidence of new impairments:

   "If a new, severe impairment begins in or before the month in which your last impairment ends, we will find that your disability is continuing. The new impairment need not be expected to last 12 months or to result in death, but it must be severe enough to keep you from doing substantial gainful activity."

2. The current version of 42 U.S.C. § 405(g) in relevant part provides:

   "The court ... may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding ...."

indication that a remand for consideration of new evidence will result in prejudice to the Secretary. *See, e.g., Johnson v. Schweiker, supra,* 656 F.2d at 425–27 (interpreting the 1976 § 405(g) provision). In *Ward v. Schweiker, supra,* 686 F.2d at 764, the fact that the new evidence surfaced after the Secretary's final decision and therefore could not have been presented at the termination hearing was sufficient to satisfy the good cause requirement. We hold that the fact that the evidence did not exist at the time of the ALJ's decision establishes good cause for Burton's failure to introduce it before the ALJ.

We reverse and remand the case to the district court with directions to remand to the Secretary for consideration of additional evidence of mental incapacity stemming from chronic alcoholism.

*Reversed and remanded.*