**Terrence WEST, Plaintiff,**

v.

**Otis R. BOWEN, M.D. Secretary of Health and Human Services, Defendant.**

**No. 86 Civ. 3117 (RWS).**

United States District Court, S.D. New York.

March 31, 1987.

Terrence West, pro se.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for defendant; Diogenes P. Kekatos, Asst. U.S. Atty., of counsel.

SWEET, District Judge.

Terrence West ("West") brought this action pursuant to §§ 205(g) and 1631(c)(3) of the Social Security Act, as amended (the "Act"), 42 U.S.C. §§ 405(g) and 1383(c)(3), challenging a final decision issued by the Secretary of Health and Human Services (the "Secretary"). The Secretary's decision denied West's application for disability insurance benefits, child's disability insurance benefits, and Supplemental Security Income benefits ("SSI") based on disability. The Secretary has moved for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) affirming the decision of the Secretary and dismissing the complaint. West, who is *pro se*, did not submit opposing papers, but did submit further documentation of his disability from his treating physician.[1] For the reasons set forth below,

the case is remanded to the Secretary for further proceedings consistent with this opinion.

**Facts**

West suffers from epilepsy, bursitis in his ankle, and poor vision. His entire right kidney was removed when he was two, and part of his remaining left kidney was removed when he was four. In essence, although Administrative Law Judge ("ALJ") Herbert Rosenstein found that West's bad ankle, coupled with his obesity, prevented him from performing his former job as an employee of a fast-food restaurant, the ALJ concluded that West was nonetheless able to perform sedentary work. The ALJ found that the frequency of seizures West is suffering is attributable to his own failure to take his medications and that despite his poor vision he is able to handle and work with large objects. The ALJ did not credit the finding of West's treating physician, Dr. Ronald Witkowski, that West's kidney ailments prevent him from sitting for more than 30–45 minutes at a time.

**Discussion**

Once the ALJ has determined that the claimant can no longer perform his past work, the burden of proof shifts to the Secretary to prove that there is other work the claimant could perform. *Bluvband v. Heckler*, 730 F.2d 886, 891 (2d Cir.1984). Thus the Secretary is charged with the burden of proving that West's kidney ailments do not prevent him from engaging in sedentary work.

The Secretary has characterized West's kidney ailment as merely an individual's "self-serving allegation[ ] of pain." Having so styled West's problem, the Secretary points to Section 3 of the Social Security Disability Benefits Reform Act of 1984, codified at 42 U.S.C. §§ 423(d)(5)(A) and 1382c(a)(3)(H), which provides in pertinent part:

> An individual's statement as to pain or other symptoms shall not alone be conclusive evidence of disability as defined

---

1. It is not clear that the medical report submitted by West—which is dated April 4, 1986, and thus postdates the Secretary's final decision—was ever served on the Secretary. Because of the grounds on which the court has reached this decision, there was no need to consider the additional information, and the court did not.

in this section; there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological, or psychological abnormalities which could reasonably be expected to produce the pain or other symptoms alleged and which, when considered with all evidence required to be furnished under this paragraph (including statements of the individual or his physician as to the intensity and persistence of such pain or other symptoms which may reasonably be accepted as consistent with the medical signs and findings), would lead to a conclusion that the individual is under a disability.

42 U.S.C. § 423(d)(5)(A). By no means, however, is West's claim of kidney trouble simply "[a]n individual's statement as to pain." *Id.* Quite the contrary, twice in his life West's kidney problems have required parts of his kidney to be removed. More recently he has undergone a battery of tests because of symptoms of renal cholic. Sometimes the tests indicated obstructions, other times they did not. And although Harlem Hospital tests in 1983 revealed no renal cysts, the Secretary's consulting physician, Dr. M. Henriquez, more recently has diagnosed West as having "cysts and stones on remaining kidney," a finding which would seem to belie the Secretary's argument in this appeal that there is no evidence that West's kidney is deteriorating.

In any event, the person most familiar with West's history and his symptoms is his treating physician, Dr. Witkowksi. Bringing to bear his superior intimacy with West's history and symptoms and a diagnostic and clinical expertise obviously superior to an ALJ, Dr. Witkowski has medically concluded that West cannot sit for more than 30–45 minutes at a time. Consequently, this is not a case involving merely an "individual's statement as to pain," 42 U.S.C. § 423(d)(5)(A), but rather the expert diagnosis of a treating physician.

In this Circuit, of course, a treating physician's diagnosis that a medical condition is disabling is binding on an ALJ unless substantial evidence is presented to the contrary. *See Bluvband v. Heckler,* 730 F.2d 886, 892–93 (2d Cir.1984). Neither Dr. Henriquez nor the other consulting physician Dr. Sidney Elpern has contradicted Dr. Witkowski's diagnosis as to the disabling effect of West's kidney condition. As in *McBrayer v. Secretary of Health and Human Serv.,* 712 F.2d 795, 799 (2d Cir.1983), a doctor's opinion "stands unchallenged except by the ALJ's own inference to the contrary." The only way that the ALJ could possibly have reached the conclusion he did is to *himself* interpret West's clinical symptoms and medical records. But the Second Circuit has been clear that "[w]hile an administrative law judge is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician...." *Id.* (quoting *Gober v. Matthews,* 574 F.2d 772, 777 (3d Cir.1978)). Uncontradicted, Dr. Witkowski's diagnosis must be given conclusive weight.

Because of this result, it is not at this stage necessary to determine whether the ALJ properly applied the law and regulations with respect to West's ankle, vision, or epilepsy. Nor is it necessary to determine whether the April, 1986 medical report that West has submitted on this appeal, apparently for the first time, constitutes new and material medical evidence that itself might be grounds for a remand. *See, e.g., Burton v. Heckler,* 724 F.2d 1415, 1418 (9th Cir.1984) (Timbers, J., of Second Circuit, sitting by designation), *cited with approval in Tolany v. Heckler,* 756 F.2d 268, 272 (2d Cir.1985).

For the reasons discussed above, the decision of the Secretary is reversed and the case is remanded for further consideration in accordance with this opinion. The case is closed with leave to reopen *ab initio,* on the specific understanding that the court retains jurisdiction, on motion and without the payment of filing fees, to enter all necessary orders or conduct any necessary

future proceedings in the case, as if it had not been closed.

IT IS SO ORDERED.