5 F.3d 539
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Lawrence RATHBUN, Plaintiff-Appellant,
v.
Donna E. SHALALA**, Secretary of Health and
Human Services, Defendant-Appellee.
 No. 91-36095.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 16, 1993.*
Decided Aug. 25, 1993.
 
 Appeal from the United States District Court for the District of Montana; No. CV-89-35-JDS, Jack D. Shanstrom, District Judge, Presiding.
 D.Mont.
 REVERSED AND REMANDED.
 
 
 1
 Before: CANBY, WIGGINS, and T.G. NELSON, Circuit Judges
 
 
 2
 MEMORANDUM***
 
 
 3
 The Secretary of Health and Human Services concluded that Lawrence Rathbun was not disabled within the meaning of the Social Security Act and denied his claim for Social Security disability benefits. The district court affirmed the Secretary's decision and refused Rathbun's motion to remand to the Secretary. Rathbun appeals. We reverse and remand.
 
 
 4
 Rathbun claims that the Secretary and the district court committed various errors, including that substantial evidence does not support the Secretary's decision that Rathbun is not disabled by mental or physical impairments, that the Secretary did not properly consider Rathbun's mental and physical impairments in combination, that the Secretary improperly rejected Rathbun's excess symptom testimony, and that the district court erred in not remanding Rathbun's case to the Secretary under 42 U.S.C. Sec. 405(g). Because we reverse and remand on this latter claim, we do not address the former ones.
 
 
 5
 Under Sec. 405(g), the district court may "at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. Sec. 405(g) (1988). We review for an abuse of discretion the district court's decision not to remand to the Secretary. See Ward v. Schweiker, 686 F.2d 762, 765 (9th Cir.1982).
 
 
 6
 Rathbun wishes to introduce two types of new evidence: (a) evidence available at the time of the hearing but erroneously omitted from the record by a photocopying error; and (b) evidence that became available only after the hearing. The evidence in category (a) included a report documenting Rathbun's chronic fatigue, a report in which Rathbun was diagnosed as having brain dysfunction, and another report that contains a diagnosis of major depression and documents Rathbun's complaints of chronic fatigue. The evidence in category (b) included Veteran's Administration progress notes depicting Rathbun's vertigo, loss of balance, nausea, and fatigue; notes from Dr. Williams that deal with fatigue, vertigo, and ataxia; a report from Dr. Larson diagnosing Rathbun as suffering from major depression; a report from Dr. Kocer regarding Rathbun's physical functioning; and notes from Dr. Malee and Ms. Baldwin opining that Rathbun is unemployeable "at this time."
 
 
 7
 "To meet the materiality requirement, the new evidence offered must bear directly and substantially on the matter in dispute." Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984). Cumulative evidence does not meet this standard. See Fair v. Bowen, 885 F.2d 597, 606 (9th Cir.1989) (evidence that discloses nothing not already revealed is not material). Although much of the evidence in category (a) appears to be cumulative, the evidence of the brain dysfunction is not. Because the issue of Rathbun's mental impairment, if any, was squarely before the ALJ, we conclude that it was an abuse of discretion for the district court not to remand Rathbun's case to the ALJ to consider the evidence of Rathbun's brain dysfunction.[1] Moreover, although the remaining category (a) evidence appears cumulative, and much, if not all, of the category (b) evidence appears cumulative or merely indicative of a deterioration in Rathbun's condition, see Ward, 686 F.2d at 765-766, because we already are remanding and the Secretary will suffer no prejudice from the consideration of this evidence, we direct the ALJ to consider it as well.
 
 
 8
 We wish to make clear that we express no opinion as to what the ultimate outcome on remand will or should be. In fact, the Secretary is free to give whatever weight to the additional evidence that she deems appropriate. See Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir.1982) ("[Q]uestions of credibility and resolution of conflicts in the testimony are functions solely of the Secretary."). However, in light of the additional evidence, the Secretary must reconsider the conclusion that Rathbun is not disabled for purposes of the Social Security Act by his mental impairments, physical impairments, or a combination thereof.[2]
 
 
 9
 REVERSED and REMANDED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala, is substituted for her predecessor, Louis W. Sullivan, as Secretary of Health and Human Services. Fed.R.App.P. 43(c)(1)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Because this evidence was not in the record before the district court only because of a photocopying error, e.g., failing to copy the back side of two sided documents, we have little difficulty concluding that Rathbun has shown "good cause" under Sec. 405(g). See Burton, 724 F.2d at 1417-18 (good cause requirement liberally applied where there is no indication that a remand for consideration of new evidence will result in prejudice to the Secretary)
 
 
 [2]
 The ALJ admitted to engaging in a bifurcated evaluation process the first time around. We do not render judgment on whether that process legally was sufficient, but do point out that the Secretary specifically is directed to consider any impairments in combination. See 20 C.F.R. Sec. 404.1523 (1993) ("In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity.")