21 F.3d 1114
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Larry M. NELSON, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary, Health & Human
Services, Defendant-Appellee.
 No. 93-35343.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1994.*
Decided March 29, 1994.
 
 Before: FLETCHER, BRUNETTI and TROTT, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Larry Nelson appeals pro se the district court's judgment affirming the Secretary of Health and Human Services' decision that Nelson was not entitled to disability benefits under Title II of the Social Security Act, 42 U.S.C. Secs. 401-403 (Title II). Nelson contends, first, that the Secretary's decision was not supported by substantial evidence and, second, that the Magistrate Judge should have admitted new medical evidence which, Nelson claims, proves his disability. We have jurisdiction under 28 U.S.C. Sec. 1291, and we reverse and remand.
 
 
 3
 * Background
 
 
 4
 Nelson has a prolonged history of lower back pain dating from before 1970 when he underwent surgery for a herniated disc. Repeat surgery was performed in 1975. Nelson worked continuously for Lockheed Shipbuilding from 1963 to 1978, when he was laid off because he could no longer meet the physical demands of his job. He worked sporadically as a shipfitter from 1981 until October 1989, when he banged his knee on the job. Nelson had knee surgery in November 1989. He reports that his back pain has been disabling since he injured himself in January and April of 1990 while performing therapeutic exercises prescribed following his knee surgery.
 
 
 5
 The Administrative Law Judge (ALJ) denied Nelson's claim for disability compensation because medical reports from the first half of 1990 indicated that his knee was healing as expected and that his strength and mobility were relatively normal. The ALJ found no condition serious enough to cause the back pain Nelson described. He concluded that Nelson's complaints were not credible to the extent alleged, and that, as of June 29, 1990, Nelson's ability to work was only minimally impaired.
 
 II
 Disability
 
 6
 We consider whether the Secretary's finding that Nelson could perform his past work as a structural steel inspector was "supported by substantial evidence and free of legal error." Fair v. Bowen, 885 F.2d 597, 601 (9th Cir.1989). "We consider the record as a whole, weighing both evidence that supports and evidence that detracts from the Secretary's conclusion." Penny v. Sullivan, 2 F.3d 953, 956 (9th Cir.1993).
 
 
 7
 "A claimant's subjective allegations of disabling pain must be supported by clinical or laboratory evidence of an underlying condition that could reasonably be expected to produce pain. 42 U.S.C. Sec. 423(d)(5)(A). The claimant need not produce medical evidence supporting the severity of the pain, only its likely existence." Bunnell v. Sullivan, 947 F.2d 341, 347-48 (9th Cir.1991) (en banc). If the ALJ rejects a claimant's pain testimony, "he must justify his decision with specific findings." Dodrill v. Shalala, 12 F.3d 915, 917 (9th Cir.1993).
 
 
 8
 Here, Nelson had complained of back pain consistently since early 1990, and he testified at his hearing that pain prevented him from doing anything for more than a few hours without resting. Nothing in the record refutes, on the date of the hearing, Nelson's claim of pain and its severe limiting effects. A January 24, 1990 MRI study of his lower back showed degenerative changes at the L5-S1 level, where he had undergone surgery in 1970 and 1975. Drs. Coats and Mandt related Nelson's symptoms to spinal stenosis. Dr. Cramer found a physical impairment of the lumbar spine, which was unrelated to Nelson's knee injury. Drs. Grisham and Cramer concluded that Nelson could not stand for long periods of time, and Dr. Siverling concluded that Nelson suffered from hip and back disability.
 
 
 9
 The ALJ stated, nonetheless, that Nelson's "January 1990 lumbar MRI study was normal." The ALJ also discounted the conclusion of Drs. Grisham and Cramer on the ground that they were not Nelson's treating physicians. At the same time, he discounted the conclusion of Nelson's treating physician, Dr. Siverling. On the basis of Nelson's pain testimony, his January 1990 MRI study, and the reports of physicians who examined him in 1990, we conclude that, while substantial evidence showed that Nelson had recovered by June 1990 from his knee injury, no such evidence supported the conclusion that he was not disabled from working by back pain.[1] See Bowen, 885 F.2d at 601.
 
 III
 New Evidence
 
 10
 We are empowered to remand matters on appeal for consideration of new evidence where the evidence is material and there is good cause for the failure to incorporate the evidence in a prior proceeding. Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984); 42 U.S.C. Sec. 405(g). "If new information surfaces after the Secretary's final decision and the claimant could not have obtained that evidence at the time of the administrative proceeding, the good cause requirement is satisfied." Key v. Keckler, 754 F.2d 1545, 1551 (9th Cir.1985).
 
 
 11
 Nelson argues that the district court should have considered evidence of a 1991 MRI and a 1992 EMG study, on the basis of which a VA physician concluded in 1992 that he has a pinched nerve that requires surgery. The district court denied admission of these studies on the ground that Nelson failed to show good cause for not presenting the MRI examination report to the Appeals Council before its decision issued on February 25, 1992, and for not having the EMG study "accomplished prior to the decision by the Appeals Council." We note that physicians, not patients, order these tests. Moreover, we note that the results of the examinations were not interpreted until May 1992. We decline to hold Nelson responsible for this delay. Good cause is shown. See id., 754 F.2d at 1551.
 
 
 12
 We reverse and remand to the district court with instructions to enter judgment for the claimant.
 
 
 13
 REVERSED AND REMANDED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Donna E. Shalala is substituted for Louis W. Sullivan pursuant to Fed.R.App.P. 43(c)
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We need not decide whether the ALJ should have consulted the Dictionary of Occupational Titles in determining whether Nelson could work as a structural steel inspector. We conclude that Nelson is disabled from performing any substantial gainful work