George HARRIS, Plaintiff—Appellant,

v.

Jo Anne BARNHART, Acting Commissioner of Social Security,
Defendant—Appellee.

No. 01–35333.

D.C. No. CV–99–00821–FR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 8, 2002.

Decided June 26, 2002.

Before TROTT, T.G. NELSON, Circuit Judges, and SHADUR,* District Judge.

### MEMORANDUM**

We affirm the judgment of the district court.

### I. *The ALJ's Development of The Record*

Whether the ALJ had a duty to request medical source statements is irrelevant to the relief Harris seeks: a remand for an award of benefits or, alternatively, a remand with instructions to the ALJ to consider the report by Dr. Berselli that Harris submitted to the Appeals Council. Thus, we need not decide whether an ALJ conducting a disability hearing has an affirmative duty to request medical source statements—a question not yet resolved in any of this circuit's published opinions. We only need to consider whether the Berselli report warrants a remand.

### II. *The Berselli Report Does Not Warrant a Remand*

#### A. *Remand For an Award of Benefits*

*Smolen v. Chater,*[1] *Ramirez v. Shalala,*[2] and *Lester v. Chater*[3] do not support Harris's argument that we should remand for an award of benefits. We remanded directly for benefits awards in those cases because the ALJs had improperly discredited certain testimony, and when the testimony was credited, it was clear that benefits were due. Thus, there were no further issues or evidence to consider on remand.[4] Here, the ALJ did not improperly discredit any testimony,[5] and even taking the Berselli report into account, it is far from clear that Harris is due any benefits. Thus, we would at most remand only for the ALJ to consider the Berselli report, rather than invoking the "limited exception" of remanding directly for a benefits award.[6]

#### B. *Remand for Consideration of the Berselli Report*

A remand to the ALJ to consider the Berselli report is not warranted. We remand disability determinations for consideration of new evidence such as the Berselli report only if the new evidence "is *material* and [ ] there is *good cause* for the failure to incorporate such evidence into the record in a prior proceeding."[7] The

---

* The Honorable Milton I. Shadur, Senior United States District Judge for the Northern District of Illinois, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. 80 F.3d 1273 (9th Cir.1996).

2. 8 F.3d 1449 (9th Cir.1993).

3. 81 F.3d 821 (9th Cir.1995).

4. *See Smolen,* 80 F.3d at 1292; *Ramirez,* 8 F.3d at 1455; *Lester,* 81 F.3d at 834.

5. We discuss the ALJ's rejection of part of Harris's testimony *infra.*

6. *Harman v. Apfel,* 211 F.3d 1172, 1179 (9th Cir.), *cert. denied,* 531 U.S. 1038, 121 S.Ct. 628, 148 L.Ed.2d 537 (2000).

7. *Booz v. Secretary of Health and Human Services,* 734 F.2d 1378, 1380 (9th Cir.1984) (quoting 42 U.S.C. § 405(g)) (emphasis in original); *see also Burton v. Heckler,* 724 F.2d 1415, 1417–18 (9th Cir.1984) (explaining materiality and good cause requirements).

Berselli report is not material and Harris has not shown good cause for failing to present it sooner.

### 1. *Materiality.*

■ New evidence meets the materiality requirement if it "bear[s] directly and substantially on the matter in dispute" and "there is a *reasonable possibility* that the new evidence would have changed the outcome" in the administrative adjudication.[8] The new medical report does not meet the materiality requirement because there is little chance the report would have changed the outcome of the hearing.

The fact that the new medical report stated that Harris is "disabled" is of no special significance and does not control the ALJ's decision.[9] In addition, the Berselli report conflicted with an earlier report by Dr. Berselli—which had been before the ALJ—because the earlier report did not state or imply that Harris was disabled or that he would encounter any serious difficulties in working a standard eight-hour day. The Berselli report submitted to the Appeals Council was not informed by any new examinations, tests, data or other information, however. The second report was merely a re-characterization of the same information upon which the first report had been based. The ALJ

would have therefore been entitled to weigh the inconsistent reports and credit one over the other.[10] Given that the second report was submitted after the ALJ's decision and therefore is less persuasive than the first,[11] there is little chance that the second report would have changed the ALJ's decision.

### 2. *Good Cause.*

Harris has not explained his failure to submit the Berselli report to the ALJ, nor is any explanation apparent from the record. Thus, Harris has not shown good cause for his failure to provide the ALJ with the Berselli report.

### III. *The ALJ Properly Discredited Part of Harris's Testimony*

■ Harris argues that the ALJ should not have discredited portions of Harris's testimony. However, substantial evidence[12] shows that Harris was malingering. An SSA employee noted on Harris's Disability Report form that, when applying for benefits, Harris "called attention" to his back pain and walked "bent over and with a grim face" while in the employee's direct view, but that these pain symptoms suddenly disappeared when he was leaving the office. The ALJ also noticed that Har-

---

**8.** *Booz,* 734 F.2d at 1380 (emphasis in original) (internal quotation marks and citations omitted).

**9.** *See* Social Security Ruling 96–5p, 1996 WL 374183, at *2 (July 2, 1996) ("However, treating source opinions on issues that are reserved to the Commissioner are never entitled to controlling weight or special significance."); *see also Thomas v. Barnhart,* 278 F.3d 947, 956 (9th Cir.2002) ("In *Morgan,* we held that 'the opinion of the treating physician is not necessarily conclusive as to either the physical condition or the ultimate issue of disability.' [*Morgan v. Comm'r of the Social Sec. Admin.,* 169 F.3d 595, 600 (9th Cir. 1999)].")

**10.** *See Thomas,* 278 F.3d at 956–57 (" 'When there is conflicting medical evidence, the Secretary must determine credibility and resolve the conflict' ") (quoting *Matney v. Sullivan,* 981 F.2d 1016, 1019 (9th Cir.1992)).

**11.** *See Macri v. Chater,* 93 F.3d 540, 544 (9th Cir.1996).

**12.** *See Thomas,* 278 F.3d at 954 (stating that district court's judgment affirming an ALJ's denial of disability benefits is affirmed if the ALJ's decision is supported by substantial evidence).

ris had no problems walking during the hearing and appeared comfortable, even though his own testimony suggested the picture of a person in "misery" due to constant, moderate-to-severe pain over most of his body. Finally, Harris testified that he had endured back problems for his entire life, but at least one of his medical reports indicated that he had few or no health problems prior to 1995. Thus, there was substantial evidence of malingering, which provided a clear and convincing reason for doubting Harris's credibility.[13]

## IV. The ALJ Considered Psychological Factors Regarding Harris's Pain

■ The record includes a detailed psychological evaluation, and the ALJ expressly stated that he considered the "combination of [Harris's] physical and mental impairments as they affect his capacity to work." Harris is thus incorrect in asserting that the ALJ did not consider the possibility of a psychological basis for Harris's perception of pain. In addition, Harris has cited no evidence affirmatively indicating that his pain had a psychological basis. Thus, substantial evidence supports the ALJ's implicit conclusion that Harris's pain did not have a psychological basis.

## V. The ALJ Did Not Reject Any of Dr. Feldman's Medical Opinions

■ The "Personal" section of Dr. Feldman's report appears to recite background information supplied by Harris. In contrast, the "Physical Examination" and "Impression" sections contain Dr. Feldman's medical observations and conclusions. These sections make no reference to a disabling back problem. Thus, substantial evidence supports the conclusion that the "disabled" statement in the "Personal" section was an assertion Harris made to Dr. Feldman, not one of Dr. Feldman's medical opinions. Accordingly, the ALJ did not improperly reject any of Dr. Feldman's medical opinions.

## VI. The ALJ Did Not Err in Formulating The Vocational Hypothetical

"[T]he [vocational] hypothetical posed must include 'all of the claimant's functional limitations, both physical and mental' supported by the record."[14] "The functional limitations referred to in the PRTF are those of concentration, persistence and pace. The 'failure to complete tasks in a timely manner' is not a functional limitation but the end result of deficiencies of concentration, persistence or pace."[15] Accordingly, Harris's argument that the ALJ was required to include in the hypothetical a statement that Harris "often fails to complete tasks in a timely manner" lacks merit.

AFFIRMED.

---

**13.** See Smolen, 80 F.3d at 1283–84 (holding that an ALJ may reject a claimant's testimony regarding the severity of symptoms only if the ALJ makes specific findings, stating clear and convincing reasons).

**14.** Thomas, 278 F.3d at 956 (quoting Flores v. Shalala, 49 F.3d 562, 570–71 (9th Cir.1995)).

**15.** Id. (internal quotation marks omitted).