MANDED for further proceedings consistent with this disposition.

Carmen GRIGSBY, Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant–Appellant.

No. 02–35415.
D.C. No. CV–00–05561–FDB.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2003.*

Decided Sept. 26, 2003.

Appeal from the United States District Court for the Western District of Washington, Franklin D. Burgess, District Judge, Presiding.

Eitan Kassel Yanich, Esq., Elie Halpern and Associates, P.S., Olympia, WA, for Plaintiff–Appellant.

Amy M. Gilbrough, Jeffrey H. Baird, Esq., Social Security Administration, Office of the General Counsel, Brian C. Kip-

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

nis, Esq., USSE–Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before REAVLEY,** TASHIMA, and PAEZ, Circuit Judges.

### MEMORANDUM ***

Carmen Grigsby appeals the district court judgment affirming the denial of her application for SSI disability benefits. We affirm.

We review the district court's decision de novo. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The Commissioner's decision "will be overturned only if it is not supported by substantial evidence or is based on legal error." *Id.* (internal quotation marks omitted). We find no legal error in the decision below and find that the decision is supported by substantial evidence.

■ Grigsby complains that the administrative law judge (ALJ) erred in relying on the medical-vocational guidelines or "grids" because of her non-exertional impairments such as fatigue and susceptibility to infection. We cannot say that the ALJ legally or factually erred in this regard. We have held that significant non-exertional impairments may make reliance on the grids inappropriate, but that the ALJ may rely on the grids rather than a vocational expert if the grids *"completely and accurately* represent a claimant's limitations." *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir.1999) (emphasis in original). The ALJ considered Grigsby's evidence and concluded that her non-exertional impairments or alleged impairments did not interfere with her ability to perform the full range of medium work. This finding is supported by substantial evidence.

Insofar as Grigsby complains that the ALJ erred in failing to give due weight to the testimony or her treating physician or her own testimony regarding her physical condition, we agree with the analysis offered below by the magistrate judge. "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995).

■ Grigsby argues that the case should be remanded to the ALJ to consider medical testimony as to whether, under the third step of the five-step procedure for determining disability, her blood disorder was as severe as a listed impairment, thus compelling a finding of disability. Specifically, she argues that medical testimony is required to determine whether her neutropenia met Listing 7.15, which requires "[a]bsolute neutrophil counts repeatedly below 1,000 cells/cubic millimeter," and "[d]ocumented recurrent systemic bacterial infections occurring at least 3 times during the 5 months prior to adjudication." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 7.15 (2003).

As to the second requirement, Grigsby relies on records supplied by Dr. Lechner, who stated in a February 25, 1999 note: "Over recent months, however, she has been having repeated infections, including skin infections, bronchitis, etc." This note, however, indicates that the repeated infections were a new development, in that in the past infections "were not very frequent," and Dr. Lechner had earlier stated that Grigsby's neutropenia was asymptom-

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR. R. 36–3.

atic. Dr. Thompson had previously noted that Grigsby "retains [a] largely functional immune system." Dr. Lechner also stated in a January 20, 2000 note that Grigsby "remains disabled from any gainful employment due to chronic and repeated infections." The February 25, 1999 and January 20, 2000 Lechner notes were generated and submitted after the ALJ ruled, but the appeals council made them a part of the record and considered them.

Assuming that Grigsby has shown good cause for submitting the Lechner notes after the ALJ ruled, *see Mayes v. Massanari*, 262 F.3d 963, 970 (9th Cir.2001), we cannot say under the substantial evidence standard that a finding of disability was compelled, nor do we find the evidence sufficiently material to compel a remand to the ALJ. *See id.* The Lechner notes refer to a period extending beyond the relevant disability period, which ended on February 5, 1999, the date the ALJ ruled. *See* 20 C.F.R. § 416.330 (2003).[1]

AFFIRMED.

PAEZ, dissenting.

PAEZ, Judge.

Because I would remand to allow the ALJ to consider the new evidence that the Appeals Council made part of the record, I respectfully dissent.

The majority disposition acknowledges the medical evidence demonstrating that Grigsby "remains disabled from any gainful employment due to chronic and repeated infections," but concludes that this evidence is not "sufficiently material to compel a remand to the ALJ." Mem. Dispo. at 4. Although this evidence was not considered by the ALJ, it was made part of the administrative record by the Ap-

peals Council, and we must consider it in reviewing Grigsby's claims.

The majority disposition, however, relying on *Mayes v. Massanari*, 276 F.3d 453 (9th Cir.2001), appears to apply a good cause requirement at the district court level to the consideration of whether the new evidence merits remand. In *Mayes*, however, the claimant urged the district court to remand her case to the ALJ to consider new evidence that had *not* been made part of the administrative record. Mayes presented this new evidence to the Appeals Council, but the Appeals Council determined that the new evidence was not relevant to whether Mayes was disabled before the ALJ rendered his decision. 276 F.3d at 458. The district court then refused to grant her request for remand because she had failed to show that this evidence was material and that there had been good cause for not offering the evidence at an earlier date. *Id.* at 462–63. Relying on *Mayes*, the majority concludes that even if Grigsby had shown good cause for submitting the Lechner notes after the ALJ ruled, the evidence is not sufficiently material to compel a remand to the ALJ. Mem. Dispo. at 4.

However, the good cause/materiality inquiry does not apply when the Appeals Council has already made the new evidence part of the record. *Compare Harman v. Apfel*, 211 F.3d 1172, 1179–80 (9th Cir.2000) (stating that where claimant submitted additional materials to the Appeals Council in requesting review of the ALJ's decision, "[w]e may properly consider the additional materials because the Appeals Council addressed them in the context of denying Appellant's request for review") *and Ramirez v. Shalala*, 8 F.3d 1449,

---

1. Our disposition is not intended to preclude Grigsby from filing a new application, for a

new period, based on this new evidence.

1451–52 (9th Cir.1993) (noting that where the Appeals Council declined to review the decision of the ALJ after examining the entire record, including new material, we considered both the ALJ's decision and the additional materials submitted to the Appeals Council) *with Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir.1984) ("a remand to the Secretary to consider additional evidence *not contained in the administrative record* ... [is] provided for by [42 U.S.C. § 405(g) ] where the new evidence is material and there is good cause for the failure to incorporate such evidence in the record in a prior proceeding."). *See also* 20 C.F.R. § 404.970(b) ("If new and material evidence is submitted, the Appeals Council shall consider the additional evidence only where it relates to the period on or before the date of the administrative law judge hearing decision. The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision."); 20 C.F.R. § 404.976(b)(1). Thus, the Appeals Council must engage in a materiality inquiry, and *only if* the claimant's new evidence is material and relates to the period on or before the date of the ALJ's decision may the Appeals Council then consider the ALJ's decision in light of the additional evidence. Here, therefore, by adding Grigsby's new evidence to the administrative record, the Appeals Council determined that Grisby's new evidence was both material and related to the period on or before the date of the ALJ's decision.

Although the district court recognized that this new evidence was part of the record, it applied the *Mayes* test and determined that there was not a reasonable possibility that the new evidence would have changed the outcome of the hearing. It reasoned that because the most compelling evidence of her deterioration was not even available until one year after the ALJ's determination, the evidence could not possibly have changed the outcome of the proceeding. The district court then stated that Grigsby could reapply for benefits if her condition had worsened. In light of *Harman*, *Ramirez*, and 20 C.F.R. §§ 404.970(b) & 404.976(b)(1), however, I would simply consider whether the ALJ's decision was supported by substantial evidence and free from legal error while reviewing the entire record, including the additional treatment records covering the periods from December 30, 1996 through January 28, 1999 and from February 25, 1999 through March 23, 2000 that were later added to the record. *See Harman*, 211 F.3d at 1174, 1179–80 (the ALJ issued its decision on June 25, 1996, but we considered treatment records from July 19, 1996, October 24, 1996, and July 1, 1997 in determining whether the ALJ's decision was supported by substantial evidence); *Ramirez*, 8 F.3d at 1451–52, 1454.

On January 27, 1997, Dr. Lechner noted that Grigsby's white blood cell disorder "predisposed her to freq. infections" and that Grigsby requires "freq. and close observation." The record further indicates that Dr. Lechner performed weekly blood cell count checks for 8 weeks following her December 1996 visit and noted her numerous bouts with mouth and tongue sores and her frequent visits to the emergency room. In addition, Dr. Lechner's 1999 and 2000 notes reflect continued bouts with sores, bronchitis and urinary tract infections. Because this new evidence shows that Grigsby's condition has deteriorated, I believe there is a reasonable possibility that this new evidence would change the outcome of the ALJ's determination. Consequently, I would remand to allow the ALJ to consider the new evidence.