Sydney ROMANELLI, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Commissioner, Social Security Administration, Defendant—Appellee.

No. 06–35114.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 6, 2008.

Filed Feb. 25, 2008.

the Social Security Administration. Fed. R.App. P. 43(c)(2).

Linda Ziskin, Law Offices, Lake Oswego, OR, for Plaintiff–Appellant.

Neil J. Evans, Esq., USPO–Office of the U.S. Attorney, Portland, OR, Lucille G. Meis, Esq., L. Jamala Edwards, Esq., Social Security Administration Office of the General Counsel, Seattle, WA, for Defendant–Appellee.

Before: RYMER and PAEZ, Circuit Judges, and CARNEY,** District Judge.

MEMORANDUM ***

Sydney Romanelli appeals the district court's decision affirming the Commissioner of Social Security's denial of disability insurance benefits. We review *de novo* a

---

** The Honorable Cormac J. Carney, United States District Judge for the Central District of California, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

district court's order affirming the decision of an Administrative Law Judge ("ALJ") to deny benefits. *Batson v. Commissioner*, 359 F.3d 1190, 1193 (9th Cir.2004). We may set aside a denial of benefits only if it is based on legal error or not supported by substantial evidence. *Id.* Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion. *Young v. Sullivan*, 911 F.2d 180, 183 (9th Cir.1990). We affirm.

Ms. Romanelli asserts that the ALJ improperly rejected her subjective testimony along with the opinions of her treating physicians. When rejecting the opinion of a treating physician that is contradicted by the opinions of other physicians, an ALJ must "make findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir.1987).

■ The ALJ found that Ms. Romanelli suffered from fibromyalgia, but did not fully credit her testimony as to the extent of her symptoms. The ALJ was therefore required to provide clear and convincing reasons for rejecting her testimony, and did so. *See Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996); *Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir.2001). The ALJ reasonably concluded that Ms. Romanelli's claimed limitation of being unable to stand for more than fifteen minutes at a time was inconsistent with her testimony about her physical activities such as traveling around the United Kingdom for two weeks, engaging in Tae Bo, walking two to three times per week for thirty-five minutes at a time, taking day-long shopping trips, and gardening. The ALJ also reasonably relied on the fact that she failed to comply with recommended treatment by neglecting to attend physical therapy sessions. Finally, her claimed limita-

tions were not sufficiently supported by the objective medical evidence. Prior to informing Dr. Powley that she intended to seek disability benefits, there is minimal medical evidence documenting her fibromyalgia diagnosis. As reflected in the record, it was almost four years after she initially alleged the disability began that she sought disability benefits. Because Ms. Romanelli failed to seek regular treatment for her alleged symptoms, she was unable to present sufficient medical evidence to support her claimed limitation.

■ In rejecting the opinions of Ms. Romanelli's treating doctors, David Powley and Charlotte Higgins–Lee, the ALJ made findings setting forth specific, legitimate reasons for rejecting the doctors' opinions that were based on substantial evidence in the record. *Sprague*, 812 F.2d at 1230. With respect to Dr. Powley's opinion, the ALJ made the following findings: Dr. Powley did not treat Ms. Romanelli on a regular basis; Dr. Powley's recommendations were based largely upon Ms. Romanelli's subjective complaints rather than objective medical evidence (complaints which the ALJ found were not credible); and Ms. Romanelli had a tendency to abuse prescription medication rather than to follow treatment recommendations. As to Dr. Higgins–Lee's opinion, the ALJ found that Ms. Romanelli failed to regularly attend therapy sessions and that Dr. Higgins–Lee herself suggested that Ms. Romanelli might be able to function at a low-stress, unskilled job.

■ Finally, the ALJ properly addressed the lay testimony in this case. The letters submitted by Ms. Romanelli's friend and sister were not provided to the ALJ prior to his decision, and thus he had no obligation or opportunity to consider them. *See Dodrill v. Shalala*, 12 F.3d 915, 918–19 (9th Cir.1993); 20 C.F.R. § 404.1513(e). Even considering the new

lay-witness evidence, however, this information merely repeats Ms. Romanelli's subjective complaints, which the ALJ properly found were not credible. Consequently, the letters do not "bear directly and substantially on the matter in dispute," nor do they show that there is a reasonable possibility that the ALJ would have found Ms. Romanelli to be disabled. *Burton v. Heckler,* 724 F.2d 1415, 1417 (9th Cir.1984). Accordingly, the decision of the district court is **AFFIRMED.**