**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BRAD BELKNAP, | No. 09-35223 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-01219-PK |
| v. | |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted February 1, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

Brad Belknap appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Belknap's application for Social

Security Disability insurance benefits under Title II of the Social Security Act. In

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

his application, Belknap alleged disability beginning in 2002 due to degenerative disc disease, depression, anxiety, and post-traumatic stress disorder ("PTSD"). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Belknap argues that the ALJ erred by not concluding at step two that he was severely impaired by PTSD and migraines. If there was error in this respect, it was at most harmless error because the ALJ extensively discussed the medical evidence when determining Belknap's residual functional capacity ("RFC").[1] *See Burch v. Barnhart*, 400 F.3d 676, 682 (9th Cir. 2005). In determining the RFC, the ALJ properly considered functional limitations and restrictions arising from all of Belknap's medically determinable impairments. *See Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006). Belknap's purported migraines were not a medically determinable impairment because there was no medical diagnosis and the only assessment of migraines came from nurse practitioner David Lampert, who the ALJ noted was not an acceptable medical source. *See* 20 C.F.R. § 404.1513(a). Belknap's purported PTSD was not a medically determinable impairment because, as the ALJ noted, there was no medical diagnosis of PTSD in the record other than Belknap's self-reports. The only assessment of PTSD, as

---

[1] The ALJ's conclusion that Belknap was not severely impaired by anxiety is supported by substantial evidence in the record.

2

Belknap's representative admitted at the hearing, came from social worker Linda Spangler, who was not an acceptable medical source. *See id.* The ALJ also gave clear and convincing reasons for rejecting Dr. Bates's assertion that Belknap had PTSD, stating that Dr. Bates's PTSD assertion was based not on a diagnosis of PTSD but on Belknap's self-reporting, did not describe Belknap's symptoms, and was not supported by Dr. Bates's treatment notes. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005). Finally, Dr. Bates's post-decision letter asserting that Belknap had PTSD was conclusory and immaterial so no remand is required. *See Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

Belknap next argues that the ALJ improperly rejected Dr. Bates's opinion to the effect that Belknap could not work primarily because of his PTSD and was disabled once his PTSD and anxiety were accounted for. This opinion was permissibly rejected within the ALJ's proper authority to weigh conflicting medical evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 956–57 (9th Cir. 2002). Dr. Bates's disability opinion was controverted by Dr. Turner's assessments, based on the "GAF" scores, indicating that Belknap had only transient or mild symptoms. *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998). The ALJ rejected Dr. Bates's opinion for specific and legitimate reasons supported by substantial evidence. *See id.* The ALJ reasoned that Dr. Bates's disability opinion lacked

3

foundation because it was predicated on Belknap's purported PTSD, and was entitled to less weight than Dr. Turner's assessments because, unlike Dr. Turner, Dr. Bates was not a mental health specialist.[2]

Belknap next argues that the ALJ erred by discrediting to some extent the testimony of Belknap, his wife, and Spangler. We disagree. The ALJ provided clear and convincing reasons supported by substantial evidence for rejecting Belknap's testimony. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ noted that Belknap's activities, including building his house and traveling cross-country by Greyhound bus to Louisiana, were inconsistent with the scope of his claimed limitations. The ALJ also noted that Belknap provided inconsistent accounts concerning his level of incapacitation after a car accident. The ALJ also provided germane reasons for rejecting the lay witness testimony of Spangler and Belknap's wife. *See Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). Spangler's testimony was inconsistent with Dr. Turner's medical assessments and was internally inconsistent. Belknap's wife's accounts of Belknap's limitations did not acknowledge Belknap's house-building activity, and

---

[2]     The Commissioner "generally give[s] more weight to the opinion of a specialist about medical issues related to his or her area of specialty than to the opinion of a source who is not a specialist." 20 C.F.R. § 404.1527(d)(5).

4

her testimony that Belknap did not use public transportation was contradicted by his travel to Louisiana by bus.

Based on the foregoing, the hypothetical that the ALJ posed to the vocational expert included "all the limitations and restrictions of [Belknap]" that the ALJ found, and was therefore proper.[3] *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) (emphasis omitted).

**AFFIRMED.**

---

[3] The limitation Dr. Bates noted concerning Belknap's inability to stoop, bend, or lift was properly excluded from the hypothetical because the ALJ concluded that the MRI showed that Belknap's spine was not fractured and the MRI did not support the degree of impairment alleged by Belknap.