**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

FEB 17 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GEORGE HAMILTON, | No. 09-35277 |
| Plaintiff - Appellant, | D.C. No. 3:07-cv-06278-PK |
| v. | |
| COMMISSIONER SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Malcolm F. Marsh, District Judge, Presiding

Submitted February 2, 2010[**]
Seattle, Washington

Before: RYMER, GOULD and BYBEE, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

George Hamilton appeals the district court's judgment affirming the Commissioner of Social Security's denial of Hamilton's application for disability insurance benefits under Title II of the Social Security Act and for supplemental security income under Title XVI. In his application, Hamilton alleged disability due to back, leg and knee problems; carpal tunnel syndrome; and liver problems. We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Hamilton argues that the ALJ did not give sufficient reasons to reject treating physician Dr. Howison's opinion that Hamilton "is disabled and in no way will be able to be gainfully employed in any endeavor in the near future." *See Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (stating that a treating physician's contradicted opinion may be rejected only for "specific and legitimate reasons"). Hamilton is mistaken. The ALJ reviewed Dr. Howison's opinion, cited its findings concerning the straight-leg-raising test and Hamilton's pain response, and accounted for Dr. Howison's medically supported assessments of degenerative disc disease, spinal stenosis, and hepatitis C by concluding that Hamilton was severely impaired by a combination of these and other impairments. Dr. Howison's assertion that Hamilton was disabled and could not work, on the other hand, was contradicted by Dr. Brewster's functional assessment—which the ALJ adopted—that Hamilton was capable of significant work activity. The ALJ

2

considered all of the medical evidence and concluded that Hamilton was not disabled, implicitly rejecting Dr. Howison's conclusory disability assertion.

The ALJ's omitting to *explicitly* reject Dr. Howison's disability assertion, if error, was harmless error. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless."). It is true that the ALJ nowhere explicitly recited that he was rejecting Dr. Howison's conclusion for the reasons given. But it is also true that the ALJ's findings contain numerous specific and legitimate reasons for rejecting a conclusion that Hamilton was disabled and could not work.[1]

Hamilton next argues that the ALJ improperly rejected Hamilton's subjective claims as not credible. We disagree. The ALJ provided clear and convincing reasons, supported by substantial evidence, for determining that Hamilton was not credible. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). As the ALJ concluded, Hamilton "has repeatedly exaggerated his symptoms." Dr. Brewster noted that Hamilton "show[ed] what could be considered an exaggerated pain response," and Dr. Parvin determined that

---

[1]     Dr. Howison's conclusory post-decision letter, asserting that Hamilton could not perform the full range of light work activities on a full-time basis, was consistent with the ALJ's decision limiting Hamilton to less than the full range of light work and was immaterial, so no remand is required. *See Burton v. Heckler*, 724 F.2d 1415, 1417 (9th Cir. 1984).

Hamilton's "florid pain behavior," inexplicable variability on testing, and "functional overlay" compromised the examination. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001) (concluding that the claimant's tendency to exaggerate was a legitimate consideration in determining credibility). Further, Hamilton's daily activities—including independence in personal care, washing dishes, vacuuming, preparing meals, doing laundry, shopping for food, and socializing with friends—were not consistent with the level of debilitating impairment that Hamilton asserted. *See Reddick*, 157 F.3d at 722 (stating that a claimant's activities bear on credibility "if the level of activity [is] inconsistent with [the c]laimant's claimed limitations").

Also, the ALJ properly rejected Dr. Brewster's controverted upper-extremity-limitation opinion for specific and legitimate reasons. *See Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995). The limitation was controverted by Dr. Parvin's assessment that Hamilton's wrists and hands were stable, without decreased tone, and had adequate range of motion. Dr. Brewster's opinion was not based on objective medical evidence. Dr. Brewster's tests showed that Hamilton had normal fine-motor movements in both hands and good hand strength, Dr. Jensen concluded that Hamilton's variation in grip strength during testing "cannot be attributable to an organic process," and Hamilton's presentation of his hands

4

dirty with soil at a medical evaluation with Dr. Howison suggested that Hamilton was less limited than he portrayed.[2]

Finally, Hamilton argues that the ALJ erred by concluding at step five that there were a significant number of jobs in the national economy that Hamilton could perform. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999). We again disagree. Based on Hamilton's residual functional capacity, age (approaching advanced age), and education (terminated after eleventh grade), the Medical-Vocational Guidelines establish that Hamilton would be conclusively disabled only if he were both limited to sedentary work and had no transferable skills from prior employment. *See* 20 C.F.R. § 404, Subpt. P, App. 2, §§ 201.11 (transferable skills), 202.10 (light work). Because Hamilton could perform a limited range of light work and had transferable skills from his work as a

---

[2] These reasons for rejecting Dr. Brewster's opinion apply equally to Dr. Jensen's upper-extremity-limitation opinion.

bartender,[3] the ALJ properly concluded that Hamilton was not disabled.[4]

**AFFIRMED.**

---

[3]    Hamilton acknowledged that he worked as a bartender at least two months, part time, which was a sufficient amount of time to acquire the transferable skills. *See* Dictionary of Occupational Titles § 312.474-010.

[4]    Even if the ALJ erred in applying the Medical-Vocational Guidelines or in concluding that Hamilton acquired transferable skills, the ALJ was entitled to rely on the vocational expert's assessment that Hamilton could perform a significant number of jobs in the national economy, including representative unskilled, sedentary-to-light positions. *See Tackett*, 180 F.3d at 1100–01.