Cristobal SANCHEZ, Plaintiff-Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant-Appellee.

No. 86–5711.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 5, 1987.

Decided March 9, 1987.

Martin Taller, Anaheim, Cal., for plaintiff-appellant.

Nancy E. Wever, San Francisco, Cal., for defendant-appellee.

Before WALLACE, WIGGINS and KOZINSKI, Circuit Judges.

WIGGINS, Circuit Judge:

Cristobal Sanchez appeals from the district court's summary judgment denying him disability or supplemental security income benefits under the Social Security Act, 42 U.S.C. §§ 301–1397f. The district court held that substantial evidence supported the determination of the Secretary of Health and Human Services (Secretary) that Sanchez was not disabled under 42 U.S.C. §§ 423(d)(1)(A) and 1382c(a)(3)(A). Sanchez argues that the Secretary's decision lacks substantial evidence and that the district court erred in failing to remand to the Secretary for review of new evidence. We affirm.

In reviewing the denial of disability benefits, we will affirm if the Secretary's findings are supported by substantial evidence and the Secretary applied the correct legal standards. *Allen v. Secretary of Health &*

*Human Serv.*, 726 F.2d 1470, 1472 (9th Cir.1984). Sanchez bears the initial burden of establishing disability by showing that a physical or mental impairment prevents him from engaging in any of his previous occupations. *Id.*

In finding Sanchez could perform light work, the Secretary rejected the opinion of Sanchez's treating physician, Dr. Dannis, that Sanchez was disabled as a result of his back condition. The Secretary must explain why he has rejected uncontroverted medical evidence, but can resolve disputes in contradicted medical evidence. *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir.1984). Dr. Dannis's opinion was substantially contradicted. Two consulting physicians, an orthopedist and a neurologist, examined Sanchez and were of the opinion that his back condition was not so severe that he could not do light work. Dr. Dannis himself described Sanchez's condition as "limited in physical activities that would involve prolonged standing, walking, or bending." In finding Sanchez permanently disabled, Dr. Dannis relied on non-medical factors—Sanchez's age and lack of formal education making reentry into the job market difficult—which the doctor was not qualified to consider. There is substantial evidence that Sanchez is not disabled from performing light work.

The Secretary also found that Sanchez's light work restriction did not prevent him from working as a service station operator, one of his previous occupations. Because Sanchez was able to return to past work despite his disability, the Secretary found Sanchez failed to satisfy his burden of showing he was unable to return to a previous occupation. *See Allen*, 726 F.2d at 1472. Sanchez argues that there is no substantial evidence that his prior gas station work is light work. We disagree. The Secretary may determine the physical demands of former work by comparison to that generally required in the national economy for that work. *Orlando v. Heckler*, 776 F.2d 209, 215 (7th Cir.1985). As Sanchez described it, his former gas station

work consisted of collecting money and pumping gas. The government classifies this type of work (automobile-service-station attendant) as light work. Employment & Training Admin., U.S. Dep't of Labor, *Dictionary of Occupational Titles* § 915.-477–010 (4th ed. 1977); Employment & Training Admin., U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Dictionary of Occupational Titles* 254 & app. A (1981).

Sanchez asks the court to remand for consideration of new evidence consisting of two psychological evaluations prepared after the Secretary issued a final decision denying benefits on the present application. The examinations were arranged as part of Sanchez's subsequent application in 1983 for social security disability benefits. Both reports state that Sanchez may have an organic brain disorder, manifested by memory loss and speech problems. In seeking remand, Sanchez must show that there is: (1) new evidence that is material, and (2) good cause for his failure to incorporate that evidence into the administrative record. *Allen*, 726 F.2d at 1473; 42 U.S.C. § 405(g).

Sanchez has failed to show that the new evidence is material to and probative of his condition as it existed at the relevant time—at or before the disability hearing. *See* 42 U.S.C. § 416(i)(2)(G). Sanchez argues that the evidence is material under *Burton v. Heckler*, 724 F.2d 1415 (9th Cir. 1984). In *Burton*, the claimant Burton's psychological condition was an issue before the administrative law judge (ALJ). *Id.* at 1417. The new evidence showed deterioration in Burton's mental condition due to long-term alcohol addiction. The ALJ had considered Burton's alcoholism at the hearing. *Id.* The court held that Burton's psychological condition linked to alcoholism was "squarely before" the Secretary, and thus the evidence of later mental deterioration was probative of Burton's condition at the hearing. *Id.* By contrast, Sanchez's mental condition was not significantly at

issue at the hearing. He reported some loss of concentration, depression and anxiety as a result of his back condition. Sanchez's complaints do not suggest he suffered from a disabling mental impairment at the time of the hearing such as that caused by the long-term alcoholism in *Burton*. The new evidence indicates, at most, mental deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing. *Ward v. Schweiker*, 686 F.2d 762, 765–66 (9th Cir.1982).

Sanchez has also not shown good cause for his failure to seek psychiatric evaluation earlier in the proceedings. An attorney represented Sanchez at the hearing. Although the reports were not prepared until after the Secretary rendered a final decision, Sanchez's attorney was aware of Sanchez's memory loss at the time of the hearing. Sanchez offers no explanation for his failure to request a mental evaluation or to press his mental impairment claim at or before the hearing. *See Allen*, 726 F.2d at 1473.

■ Sanchez has followed the correct procedure by reapplying for benefits. *See Ward*, 686 F.2d at 765–66. If he can now prove a disabling physical or mental impairment, he will be entitled to benefits as of the date of the new application.

The decision of the district court affirming the denial of disability benefits for Sanchez is AFFIRMED.