933 F.2d 1015
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 David PADGETT, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-55549.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 8, 1991.
Decided May 13, 1991.
 Before HUG, WILLIAM A. NORRIS and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 David Padgett appeals the denial of disability insurance benefits and supplemental income benefits under Title II and XVI of the Social Security Act, as amended, 42 U.S.C. Secs. 416(i), 423, 1383(c). The Administrative Law Judge ("ALJ") denied the benefits on the ground that although the evidence showed that Padgett could not continue as a construction worker, he could work in his previous job as a beauty shop owner-manager or in other light work. The Appeals Council upheld the ALJ's decision. We affirm.
 
 
 3
 * The Secretary's decision denying benefits will not be disturbed unless it is not supported by substantial evidence or is based on legal error. See Green v. Heckler, 803 F.2d 528, 529 (9th Cir.1986). The findings must be supported by " 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir.1986) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 
 4
 A claimant is entitled to disability benefits if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. Secs. 416(i), 423(d)(a)(A). The claimant "bears the initial burden of establishing disability by showing that a physical or mental impairment prevents him from engaging in any of his previous occupations." Sanchez v. Secretary of Health and Human Serv., 812 F.2d 509, 511 (9th Cir.1987). If the claimant meets this burden, the Secretary must show that the claimant can engage in other types of substantial gainful work which exist in the national economy.
 
 
 5
 Padgett, a construction worker who was injured in a work-related accident, claims that the Secretary improperly held that he was not disabled as defined under the Act. The ALJ stated that although Padgett could no longer work as a construction worker, he could work in his previous job as a beauty shop owner, as well as in other light jobs.
 
 
 6
 In making this determination, Padgett argues that the ALJ did not give adequate consideration to the report of his treating physician, Dr. Hsieh, whom, he says, unequivocally stated in three separate reports that he is totally disabled. Excerpt of Record ("ER") 57, 61, 64. Dr. Hsieh found Padgett disabled from August 27, 1986 until he released him to attempt beauty college May 10, 1988. Padgett argues that the ALJ erroneously concluded that Dr. Hsieh's report only indicated that Padgett could not return to his former construction job, when, in fact, he says, Hsieh stated that Padgett was totally disabled, and only particularly from his former work. ER 57, 61, 64 (emphasis added). In addition, he argues that the ALJ improperly relied on speculative testimony of a vocational witness who stated that Padgett could return to previous employment as a beautician/beauty shop manager or work in other light jobs. ER 11.
 
 
 7
 Moreover, Padgett argues that the ALJ erroneously concluded that Padgett did not suffer from a severe depression that affected his work abilities. He argues that Dr. Ishaque performed a mental evaluation that showed evidence of psychomotor retardation, major depression and a functioning level of poor. See ER 63.
 
 
 8
 In addition, Padgett argues that the ALJ improperly rejected his allegations of pain and limitations, which, he says, were supported by objective evidence. Although he concedes that the Secretary may discount noncredible pain allegations, he argues that medical evidence supports his allegations. He notes that the X-rays taken at UCSD Medical Center demonstrate sclerosis of the facet joint, compatible with degenerative change. ER 53. In addition, he argues that a cat-scan revealed bulging disk changes, osteoarthritic changes and discogenic disease. In addition, he argues that physical examinations showed diminished tendon reflexes, decreased range of motion and antalgic gait. See ER 53-56.
 
 
 9
 Although it is clear that Padgett suffered from severe physical pain, as well as depression, we nevertheless hold that the ALJ's determination that Padgett could work in other light jobs is supported by substantial evidence. Although Dr. Hsieh stated that Padgett was totally disabled, he also acknowledged that "[p]erhaps [claimant] could be trained to do other type of work which is not physical." ER 69. This view is consistent with the ALJ's conclusion that although Padgett could no longer perform construction work, he could perform his previous work as a beauty shop owner or other light work. In addition, the ALJ relied reasonably on the testimony of the Vocational Expert who testified that Padgett could return either to his previous work as a beauty shop owner or engage in other light work, such as a model maker, gluer or coding machine operator. Moreover, the ALJ's determination that Padgett could perform other work was consistent with the testimony of Dr. Bolter, the medical advisor, and Dr. Fernandez, the examining orthopedic surgeon.
 
 
 10
 We also reject Padgett's claim that the ALJ improperly rejected his allegations of pain and limitations. The Secretary may reject a claimant's subjective complaints of disabling pain if he makes specific findings. See Miller v. Heckler, 770 F.2d 845, 848 (9th Cir.1985). The ALJ found that Padgett's subjective complaints of pain and limitations were not fully supported by the demonstrable findings of the record, and medical opinions of record, or his own testimony. Specifically, the ALJ stated that "the claimant has had the capability to stand and/or walk five to six hours a day out of an eight hour work day and to sit an equal number of hours." ER 7. In addition, the ALJ stated that Padgett had "retained the capability to lift and/or carry up to 20 pounds." Id. Moreover, the evidence indicates that although Padgett suffered pain and limitations, he could still manage some movement. It was thus reasonable for the ALJ to find that Padgett was not completely disabled.
 
 
 11
 Finally, although Padgett claims that he suffers from severe depression, there was no evidence that his emotional or mental condition prevented him from working. See Heckler, 770 F.2d at 849. Accordingly, we hold that the ALJ's decision was supported by substantial evidence.
 
 II
 
 12
 Padgett asks the court to remand for consideration of new evidence. At the time of the Secretary's decision, he notes that he had completed 300 of 1600 hours of rehabilitation training to be a hair stylist. Since the decision, however, he argues that he had to withdraw from the training because he was unable to endure the pain. In addition, Padgett argues that since the decision, he has been seen consultatively by psychiatrist Dr. Sidney Bolton, who reports that Padgett is suffering from a dysthymic disorder. Padgett argues that although Dr. Bolter previously testified as a medical advisor, he now is more informed about his condition and believes he is disabled.
 
 
 13
 In seeking remand, Padgett must show that there is: "(1) new evidence that is material, and (2) good cause for his failure to incorporate that evidence into the administrative record." Sanchez, 812 F.2d at 511. "To meet the materiality requirement, the new evidence offered must bear directly and substantially on the matter in dispute." Burton v. Heckler, 724 F.2d 1415, 1417 (9th Cir.1984). Although Padgett states that he withdrew from the training program because of pain, he offers no medical evidence to show that his condition has so deteriorated that he would not be able to perform as a beauty operator or other light work. Accordingly, we hold that it is not sufficiently probative to warrant a remand. "The new evidence indicates, at most, ... deterioration after the hearing, which would be material to a new application, but not probative of his condition at the hearing." Sanchez, 812 F.2d at 512.
 
 
 14
 We likewise hold that Dr. Bolton's statements are not material to the central issue in dispute: whether Padgett can work in his previous job as a beauty operator or in other light work. Moreover, Padgett has not shown good cause for his failure to seek such a consultative evaluation earlier in the proceedings. See Sanchez, 812 F.2d at 511. Accordingly, we hold that a remand is not required.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3