9 F.3d 1551
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Somboune CHANTHASEN, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-17112.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 23, 1993.*
Filed Sept. 2, 1993.
Withdrawn Oct. 28, 1993.
Filed Oct. 28, 1993.
 
 ORDER
 The court, on its own motion, recalls the mandate.
 The memorandum disposition filed on September 2, 1993 in this matter is withdrawn. The attached memorandum disposition is hereby issued in its place.
 Appellee's request for publication is denied.
 Before: PREGERSON, BRUNETTI, and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Somboune Chanthasen appeals the district court's judgment affirming the final decision of the Secretary of Health and Human Services (Secretary) that Chanthasen was not entitled to Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381-83. Chanthasen contends that the administrative law judge (ALJ) improperly rejected the opinion of Chanthasen's treating physician and improperly found that Chanthasen was not severely impaired. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 
 3
 This court reviews de novo the district court's decision granting the Secretary's motion for summary judgment. Gonzalez v. Sullivan, 914 F.2d 1197, 1200 (9th Cir.1990). In order to qualify for benefits, a claimant has the burden of establishing the existence of a medically determinable severe impairment. 42 U.S.C. § 1382c(a)(3)(G); Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987); 20 C.F.R. §§ 416.920(c), (e). The Secretary's decision to deny benefits "will be disturbed only if it is not supported by substantial evidence or it is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). Substantial evidence is "more than a mere scintilla," but is "less than a preponderance." Gonzalez, 914 F.2d at 1200.
 
 
 4
 On January 23, 1990, Chanthasen filed an application for SSI benefits, alleging disability due to a combination of blindness affecting the left eye more than the right eye, a history of an automobile accident, and a back injury. Chanthasen received medical treatment from various physicians at Valley Medical Center (VMC). Reports from VMC stated that although Chanthasen had complained of various medical problems, there was no medical evidence to substantiate his claims. The Secretary's consulting physicians found that Chanthasen's vision was normal and that there were no "objective findings consistent with the subjective complaints." Dr. Pedfer, a VMC physician, examined Chanthasen and noted that Chanthasen suffered from degenerative joint disease in the lower spine and recommended that Chanthasen do only light lifting and take medication.
 
 
 5
 The rationale for giving greater weight to a treating physician's opinion is based on the fact that he is employed to cure and has a greater opportunity to know and observe that patient as an individual. Sprague v. Bowen, 812 F.2d 1226, 1230 (9th Cir.1987); Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983); accord Mongeur v. Heckler, 722 F.2d 1033, 1039 n. 2 (2nd Cir.1983) (finding that a physician who examines a patient once or twice has not developed a physician-patient relationship; therefore, the physician's opinion is not entitled to the extra weight of a treating physician); see also 20 C.F.R. § 416.927(d)(2)(ii) (stating that the more knowledge a treating source has about a claimant's impairment(s), the more weight the source's medical opinion will be given in the determination of disability).
 
 
 6
 Chanthasen argues that because VMC is a "treating source," the medical opinion of Dr. Pedfer, a VMC staff physician, should have been given greater weight as a treating physician. The record, however, indicates that Dr. Pedfer examined Chanthasen only once. Dr. Pedfer's single examination did not give him the opportunity to know and observe Chanthasen's medical condition. See Sprague, 812 F.2d at 1230; Murray, 722 F.2d at 502; accord Mongeur, 722 F.2d at 1039 n. 2; see also 20 C.F.R. § 416.927(d)(2)(ii). Furthermore, other medical evaluations from the same "treating source" indicated that Chanthasen was exaggerating his symptomatology and that there were no objective medical findings to substantiate his complaints. Thus, the medical evaluations from Chanthasen's "treating source" support the ALJ's determination that Chanthasen is not disabled. See Sprague, 812 F.2d at 1230 (stating that an ALJ need only state specific reasons for disregarding a treating physician's opinion when there is a conflict between the treating and examining physicians' opinion).
 
 
 7
 Accordingly, the ALJ's determination that Chanthasen was not severely impaired is supported by substantial evidence. See Gonzalez, 914 F.2d at 1200. Therefore, Chanthasen has not met his initial burden of establishing the existence of a severe impairment or his entitlement to benefits. See 42 U.S.C. § 1382c(a)(3)(G); Sanchez, 812 F.2d at 511.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3