24 F.3d 249
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Tsovik SHAKBANDARYAN, Plaintiff-Appellant,
v.
Donna E. SHALALA,** Secretary of Health and
Human Services, Defendant-Appellee,
 No. 92-56091.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 4, 1994.*
Decided April 20, 1994.
 
 1
 Before: BROWNING and KLEINFELD, Circuit Judges, and FONG, District Judge.***
 
 
 2
 MEMORANDUM****
 
 
 3
 We affirm, because of the standard of review. This case presents no serious legal issues. The question is whether substantial evidence in the record as a whole supported the Secretary's determination that Mrs. Shakbandaryan was not disabled. Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992). We do not decide whether she was disabled or not. We only decide whether there was substantial evidence on the whole record supporting the Secretary's decision that she was not.
 
 
 4
 Mrs. Shakbandaryan claimed that she could engage in no gainful employment because of sleeplessness, pain all over her body, headaches, a motorcycle noise in her ears, nervousness, unhappiness, boredom, and stomach aches. She had never worked in her life, and had immigrated to America from Soviet Armenia a little less than a year before her social security application. Her treating physician, Dr. Sarkisian, an internist who had seen her monthly for about eight months, diagnosed depression, arthritis, angina, amnesia, and migraine headaches. He thought that the most important problems were anxiety and depression, nervous spells, and arthritis. Although he found the patient "somewhat hypochondriacal," he thought she was unable to work and had a poor prognosis.
 
 
 5
 The Administrative Law Judge thought Mrs. Shakbandaryan was not believable. He thought she had "mild dysthymia," which means a despondent mood. Other than that, he did not believe that her complaints were the truth. "The trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." Id.
 
 
 6
 If Dr. Sarkisian's diagnosis was correct, then the Secretary's decision was wrong. Dr. Sarkisian was Mrs. Shakbandaryan's treating physician, so his opinion had to be followed unless substantial evidence gave specific, legitimate reasons for not following it. Murray v. Heckler, 722 F.2d 499, 502 (9th Cir.1983); Miller v. Heckler, 770 F.2d 845, 849 (9th Cir.1985). The Administrative Law Judge cannot simply say, as a jury could, that he does not believe the claimant or the claimant's doctors. He has to be able to point to evidence justifying his disbelief. "The Secretary must explain why he has rejected uncontroverted medical evidence, but can resolve disputes in contradicted medical evidence." Sanchez v. Secretary of Health & Human Services, 812 F.2d 509, 511 (9th Cir.1987).
 
 
 7
 In this case, there was substantial evidence upon which the Administrative Law Judge properly based his findings. The severe arthritis should have shown up on x-rays. The radiologist, Dr. Hufford, examined films of the parts of her body that she claimed were most severely affected, her right shoulder, knee and hand, and found nothing. Dr. Hands, the psychologist who administered various objective tests of her intellect and mood disorder said she was not trying. She was "very quick to answer, 'I Don't know' before even looking clearly at stimuli or listening to questions." She got a 52 on the full-scale I.Q. test he administered, a score suggesting gross mental retardation, but he thought her testing performance was accounted for by "[h]er very poor motivation and irritation."
 
 
 8
 This was all substantial evidence on the whole record justifying the Administrative Law judge's decision. That is not to say we would necessarily decide the case the same way. For all we know, Mrs. Shakbandaryan's depression from the stress of adjusting to a new country both causes her physical discomfort and independently renders her unable to perform "any ... kind of substantial gainful work...." 42 U.S.C. Sec. 1382c(a)(3)(B). But Congress assigned the task of deciding whom to believe to the Social Security Administration, not us. The record allows for the inference that Mrs. Shakbandaryan lied about her joint pain, because arthritis would have shown up in the x-rays if she was telling the truth. She testified that she could not even dress or feed herself, and needed two hands to pick up her glasses, because her arthritic pain was so severe. The Administrative Law Judge found nothing in the objective medical evidence except Heberden's nodes (arthritic enlargement of the last joints of the fingers), not enough to explain the complaints. Even the Heberden's nodes diagnosis, by her internist Dr. Sarkisian, was contradicted by the Dr. Hufford's radiology report showing entirely normal bony structure in the hand which he xrayed.
 
 
 9
 The Administrative Law Judge made an especially thorough and careful examination of the testimony and medical evidence. He gave careful consideration to Dr. Sarkisian's opinion before rejecting it for reasons based on substantial evidence:
 
 
 10
 Concerning the claimant's psychiatric status, I conclude that she has a dysthymic disorder which, by definition, is mild depression, however, she is not being treated by a psychiatrist and as indicated by Drs. Abejuela and Mead she is not being given an adequate dose of antidepressant medication by Dr. Sarkisian. Also, her motivation and reaction to testing has been very poor; she clearly is attempting to show that she is much more impaired than she actually is.... It is also difficult to believe that if the claimant were so severely depressed as she alleges over an extended period of time, she would have had the motivation and ability to immigrate to the United States, thus having to adjust to a new cultural environment.
 
 
 11
 AR 20.
 
 
 12
 Dr. Sarkisian depended on Mrs. Shakbandaryan for truthfulness too. He had to diagnose her and try to make her well on the basis of what she told him. His diagnosis, to the extent it was based on her account of her symptoms, stands or falls on her truthfulness. He himself thought she was "somewhat hypochondriacal." He did not send her to a psychiatrist for her depression, or to a neurologist or orthopedic surgeon for her arthritis, and did not prescribe antidepressant drugs in sufficient dosage to have therapeutic effects. Assuming that he exercised wise medical judgment based on an accurate perception of her condition based on her symptom reports, an assumption which the Administrative Law Judge could properly make, Dr. Sarkisian's treatment suggests that Dr. Sarkisian himself did not believe that her depression and arthritis were so severe as to need therapeutic doses of antidepressant drugs or the attention of specialists.
 
 
 13
 This is emphatically not a case in which we can substitute our judgment about the claimant's condition and truthfulness for the Administrative Law Judge's.
 
 
 14
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Donna Shalala has been substituted for her predecessor in office, Louis W. Sullivan, pursuant to Federal Rule of Appellate Procedure 43(c)(1)
 
 
 ***
 Harold M. Fong, United States District Judge for the District of Hawaii, sitting by designation
 
 
 ****
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3