Linda J. SMITH, Plaintiff—Appellant,

v.

Larry G. MASSANARI, Commissioner of Social Security, Defendant—Appellee.

No. 00–16050.

D.C. No. CV–98–02422–DAD.

United States Court of Appeals, Ninth Circuit.

Submitted March 11, 2002.*

Decided March 15, 2002.

Before BRUNETTI, LEAVY and T.G. NELSON, Circuit Judges.

MEMORANDUM**

Linda J. Smith appeals the judgment of the district court affirming the decision of the Commissioner of Social Security Administration to deny Smith's application for disability benefits and supplemental security income. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo the district court's order and uphold the Commissioner's decision if it is supported by substantial evidence and is free of legal error. *Pagter v. Massanari*, 250 F.3d 1255, 1258 (9th Cir.2001). We affirm.

The medical evidence supports the administrative law judge's ("ALJ") finding

---

that Smith's mental ailments did not constitute a severe impairment that had existed or would continue to exist for a period of at least 12 months. 20 C.F.R. §§ 404.1521, 416.921; *Saelee v. Chater,* 94 F.3d 520, 522 (9th Cir.1996) (per curiam). In addition, the ALJ made the requisite specific findings to support the adverse credibility finding against Smith in connection with her claims of excessive pain. *Johnson v. Shalala,* 60 F.3d 595, 599 (9th Cir.1995).

The ALJ's determination that Smith had the residual functional capacity ("RFC") to engage in light work and her prior relevant work as a claims adjuster is supported by substantial evidence. *Curry v. Sullivan,* 925 F.2d 1127, 1130 (9th Cir. 1990). In making this determination, the ALJ made the requisite specific findings as to Smith's RFC, the physical and mental demands of her past relevant work, and the relation of Smith's RFC to her past relevant work. Social Security Ruling 82–62; *Pinto v. Massanari,* 249 F.3d 840, 845 (9th Cir.2001). The ALJ's alternative finding that Smith had the RFC to perform her past relevant position of claims adjuster as it is usually performed in the national economy is also supported by substantial evidence. *Sanchez v. Sec'y of Health & Human Servs.,* 812 F.2d 509, 511–12 (9th Cir.1987).

The district court did not abuse its discretion in denying Smith's request for remand for the consideration of additional evidence. 42 U.S.C. § 405(g); *Sanchez,* 812 F.2d at 511–12. The evidence relates to Smith's condition after the disability hearing, and is therefore not material to her condition at the time of the hearing. *Id.* In any event, Smith has failed to dem-

onstrate good cause for her failure to incorporate such evidence into the administrative record. *Id.*

**AFFIRMED.**

\* Because the panel unanimously finds this case suitable for decision without oral argument, Suenaga's request for oral argument is denied. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.