**Duane E. MILLER, Plaintiff–Appellant,**

v.

**Jo Anne B. BARNHART,\* Commissioner of Social Security, Defendant–Appellee.**

No. 01–35785.

D.C. No. CV-00-00270-CI.

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 9, 2002\*\*.

Decided Aug. 22, 2002.

Before: NOONAN, HAWKINS and GOULD, Circuit Judges.

### MEMORANDUM\*\*\*

Appellant Duane E. Miller ("Miller") appeals the decision of the district court, which affirmed the ruling of the Commissioner of Social Security denying his application for social security disability benefits. We vacate and remand for further proceedings consistent with this disposition.

\* Jo Anne B. Barnhart is substituted for her predecessor, Larry G. Massanari, as Commissioner of Social Security pursuant to Fed. R.App. P. 43(c)(2).

\*\* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

We must decide whether remand of Miller's case to the Administrative Law Judge ("ALJ") for consideration of a letter from Dr. William Pochis, Miller's examining physician, is appropriate. Under *Mayes v. Massanari*, in determining whether to remand a case to the district court in light of new evidence, this court examines both whether the new evidence is material to a disability determination and whether a claimant has shown good cause for having failed to present the new evidence to the ALJ earlier. The determination of whether the new evidence is material is reviewed de novo. *See Mayes v. Massanari*, 276 F.3d 453, 462 (9th Cir.2001); *Booz v. Secretary of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir.1984). The determination of whether a claimant has shown good cause for having failed to present new evidence to the ALJ earlier is reviewed for abuse of discretion. *See Mayes*, 276 F.3d at 462; *Clem v. Sullivan*, 894 F.2d 328, 330 (9th Cir.1990).

Under the *Booz* materiality inquiry, to justify a remand, Miller must show both (1) that the letter of Dr. Pochis bears "directly and substantially" on the matter in dispute; and (2) that there is a "reasonably possibility" that the new evidence would have changed the outcome of the administrative hearing. *See Mayes*, 276 F.3d at 462. The Pochis letter explains not only the general characteristics of Miller's condition but how these characteristics may support Miller's disability claims. Reviewing this materiality inquiry de novo, we disagree with the district court that the pertinent letter of Pochis, Miller's examining physician, is not material under *Booz*.

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The second step in determining whether to remand a case in light of new evidence is the good cause inquiry. *Clem* governs the good cause inquiry and applies an abuse of discretion standard to this determination. *See Mayes*, 276 F.3d at 462. Thus, to justify a remand, under the *Clem* good cause inquiry, the claimant must demonstrate that the new evidence was unavailable earlier. *See id.* at 463; *see also Sanchez v. Secretary of Health and Human Servs.*, 812 F.2d 509, 512 (9th Cir.1987). Here, the district court failed to make the *Clem* good cause inquiry. Since there was no finding of fact with respect to good cause, we remand to the district court to make the good cause determination and for such other proceedings as are consistent with this disposition.

**VACATED AND REMANDED.**

---

\* James G. Roche is substituted for his predecessor, F. Whitten Peters, as Secretary of the Air Force. Fed. R.App. P. 43(c)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.