Ellesha GIESE, Plaintiff—Appellant,

v.

Jo Anne B. BARNHART,* Commissioner of Social Security, Defendant—Appellee.

No. 01–17196.

D.C. No. CV–98–04471–TEH.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 6, 2002.**

Decided Dec. 19, 2002.

---

* Pursuant to Fed.R.App.P. 43(c)(2), Jo Anne B. Barnhart is hereby substituted for Larry G. Massanari.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before BERZON, TALLMAN and CLIFTON, Circuit Judges.

## MEMORANDUM***

Ellesha Giese appeals the denial of her 1994 applications for Social Security disability insurance benefits and supplemental security income under Title II and Title XVI, respectively. The parties are familiar with the facts and procedural history, therefore they are not recited here. The district court had jurisdiction under 42 U.S.C. § 405(g), and we have jurisdiction pursuant to 28 U.S.C. § 1291. Because substantial evidence supports the Commissioner's decision and the decision comports with the relevant law, we affirm.

■ *First,* we reject Giese's Equal Protection and Due Process challenges. Indigence is not a suspect classification for purposes of equal protection. *See Maher v. Roe,* 432 U.S. 464, 470–471, 97 S.Ct. 2376, 53 L.Ed.2d 484 (1977); *San Antonio Indep. Sch. Dist. v. Rodriguez,* 411 U.S. 1, 27–28, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973). Disparate impact based on wealth only requires rational basis review. *See Rodriguez,* 411 U.S. at 37–38. Although the requirement of "acceptable medical sources," 20 C.F.R. § 404.1513(a), may mean wealthier disabled people have an easier time qualifying for benefits, this inequality is rationally related to further-

ance of the government's legitimate interest in preventing fraud and helping only those with genuine disabilities. Accordingly, Giese's equal protection rights have not been violated.

■ Giese's Due Process challenge is also unavailing. Giese cites cases that show Social Security insurance benefits implicate Due Process property interests; those cases, however, merely stand for the proposition that termination of *already conferred* Social Security benefits must come with some procedural safeguards. Here, there was no termination of benefits because Giese never qualified in the first place; there was simply no deprivation.

■ *Second,* we hold that ALJ did not err by mis-weighing the medical opinions. Giese asserts that "[t]here are four treating physicians who have diagnosed fibromyalgia and/or chronic fatigue syndrome." This is simply not true. Dr. Mosley's Internal Medicine evaluation found she had a chronic anxiety reaction rather than CFS; he noted *no physical impairment.* Dr. Critser found normal results from laboratory and diagnostic tests he performed to check on Giese's fibromyalgia complaint. Dr. Gallagher noted she probably suffered "depression versus chronic fatigue syndrome" even though Giese "strongly" denied depression; moreover, the laboratory tests were unremarkable, and the CT scan was negative. Dr. Blatt rejected a diagnosis of CFS or fibromyalgia, and diagnosed somatization disorder instead. He noted that she could deal with the public, maintain concentration and attention, and relate to co-workers and supervisors. All four of these doctors are "acceptable medical sources" under 20 C.F.R. § 404.1513(a).

Delaney, the licensed clinical social worker, is not an "acceptable medical

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

source." We reject Giese's argument that 20 C.F.R. § 404.1513(d)'s "other sources" provision warrants affording Delaney's testimony equal weight. That is, rather than expanding 20 C.F.R. § 404.1513(a)'s definition of "acceptable medical sources," this provision simply allows non-acceptable medical sources to opine as to the "severity" of the diagnosed disability, *once established* by "acceptable medical sources." 20 C.F.R. § 404.1513(d). We also reject Giese's contention that since Delaney worked under the supervision of a licensed psychiatrist, her status should be elevated to that of her supervisor. Delaney's supervisor never treated Giese or signed off on Delaney's findings. *See Gomez v. Chater,* 74 F.3d 967, 970–971 (9th Cir.1996) (non-medical source must be integral to team, and the acceptable medical source must undersign her findings). Accordingly, Delaney's testimony, to the extent it conflicts with the four physicians, was correctly discounted.

The ALJ likewise did not erroneously discount Giese's statements in weighing the evidence. An ALJ is free to discount a claimant's complaints of disabling symptoms if he points to specific contrary findings in the record. *See Macri v. Chater,* 93 F.3d 540, 544 (9th Cir.1996) (*citing Magallanes v. Bowen,* 881 F.2d 747, 755 (9th Cir.1989)).

In sum, substantial evidence supports the ALJ's conclusion that Giese did not suffer a physical disability as defined under the Act. A reasonable person could conclude that the record does not support a disability of "12 months" duration, 42 U.S.C. § 423(d)(1)(A), with "such severity that [s]he is not only unable to do h[er] previous work [waitress, gas station attendant, and inventory clerk] but cannot, considering h[er] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy...." 42 U.S.C.

§ 423(d)(2)(A); *see also Edlund v. Massanari* 253 F.3d 1152, 1156 (9th Cir.2001) (affirm if reasonable fact-finder could find that the record supports the ALJ's finding).

With respect to the fifth physician, Dr. Pretorius, who Giese contends should trump the others under the treating physician rule, *see, e.g., Edlund,* 253 F.3d at 1157, the fatal fact for Giese is that Dr. Pretorius did not diagnose her until June 29, 1998, well after the ALJ's decision in 1996. "The new evidence indicates, at most, [physical] deterioration ... which would be material to a *new application,* but *not* probative of h[er] condition at the hearing." *Sanchez v. Secretary of Health and Human Services,* 812 F.2d 509, 512 (9th Cir.1987) (emphasis added) (citations omitted).

■ *Third,* we hold that substantial evidence supports the ALJ's conclusion that Giese's mental impairment did not rise to the requisite severity level under the listed impairments at C.F.R. Pt. 404, Subpt. P, App. 1. A mere diagnosis of a listed condition, here somatization, does not establish that claimant meets the listing requirements. *See Moncada v. Chater,* 60 F.3d 521, 523 (9th Cir.1995). Giese contends that, even if diagnosis alone is insufficient, she met the Listings' test because (1) she was diagnosed with depression (satisfying Part A), and (2) that she had at least two of the Part B items. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 12.04. Giese's argument fails at the second prong because it hinges on affording Delaney's opinion equal weight to that of the physicians. The fact is that the "acceptable medical sources" did *not* find "at least two" of the four Part B conditions. Both Dr. Blatt and Dr. Mosley found she was not markedly restricted. Moreover, Giese reported in several doctor visits that she found Prozac was effective at making her feel better. Giese testified that she has

suffered from depressive symptoms all her life, and despite these symptoms, she has held down jobs; also, she quit her last job in 1991 because she was pregnant, not because of an impairment. Giese also reported that she enjoys visiting friends, camping, and going to different parks. Given the evidence, the ALJ did not err in concluding that she had the "residual functional capacity" to perform work consistent with her past types of work as a gas station attendant, waitress or department store clerk. *See* 42 U.S.C. § 423(d)(2)(A) (must be "unable to do h[er] previous work"). Accordingly, looking at the entirety of the record, the evidence is such that a reasonable person could conclude, as the ALJ did, that Giese's mental impairments did not qualify under the Listings.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts