Sandra K. ARMBRUSTER,
Plaintiff–Appellant,

v.

Jo Anne B. BARNHART, Commission-
er of Social Security Administra-
tion, Defendant–Appellee.

No. 04–17320.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 15, 2006.*

Filed Dec. 5, 2006.

* This panel unanimously finds this case suit-
able for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eric G. Slepian, Esq., Phoenix, AZ, for Plaintiff–Appellant.

Donna W. Anderson, Social Security Administration Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before: KLEINFELD and THOMAS, Circuit Judges, and LEIGHTON **, District Judge.

### MEMORANDUM ***

*1. Rejection of Treating Doctor's Opinion.* "[T]he treating physician's opinion on the ultimate issue of disability is not necessarily conclusive."[1] Where a "treating doctor's opinion is contradicted by another doctor," the Commissioner may reject it so long as he provides "specific and legitimate reasons supported by substantial evidence...."[2] The Commissioner has done so.

■ The opinion of the treating physician as to Ms. Armbruster's functional capacity conflicted with the opinions of four other doctors. The Commissioner is entitled to "resolve disputes in contradicted medical evidence."[3] "Where medical reports are inconclusive, questions of credibility and resolution of conflicts in the testimony are functions solely of the [Commissioner]."[4] Although two of the doctors who contradicted her treating physician did not examine her, two did. The opinion of a non-examining physician may be considered together with other evidence, including the opinions of examining physicians.[5] The conflicting medical evidence alone is a proper reason for the Commissioner to have rejected the opinion of Armbruster's treating physician.

*2. Partial rejection of Armbruster's testimony.* The Commissioner did not fully credit Ms. Armbruster's testimony concerning the severity of her pain and her consequent ability to function. In *Thomas v. Barnhart*, we explained that "[if] the [Commissioner] finds that the claimant's testimony as to the severity of her pain and impairments is unreliable, [he] must make a credibility determination with findings sufficiently specific to permit the court to conclude that [he] did not arbitrarily discredit claimant's testimony.... If [his] credibility finding is supported by substantial evidence in the record, we may not engage in second guessing."[6] As in *Thomas*, the Commissioner provided "specific, clear, and convincing reasons for discounting [claimant's] testimony."[7]

■ Armbruster acknowledged walking up to three miles a day (although she inconsistently claims she needs to take a break after walking up and down two rows in a supermarket), performing several

---

** The Honorable Ronald B. Leighton, United States District Judge for the Western District of Washington, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. *Rodriguez v. Bowen*, 876 F.2d 759, 762 (9th Cir.1989).

2. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995) (internal quotations omitted).

3. *Sanchez v. Sect'y of Health and Human Services*, 812 F.2d 509, 511 (9th Cir.1987).

4. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989) (quotations omitted).

5. *Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir.1989).

6. *Thomas v. Barnhart*, 278 F.3d 947, 958–959 (9th Cir.2002).

7. *Id.* at 959.

household chores, shopping, and visiting friends. If a claimant is "able to spend a substantial part of [the] day engaged in pursuits involving performance of physical functions that are transferable to a work setting, a specific finding as to this fact may be sufficient to discredit a claimant's allegations."[8] Even where the activities are not rigorous or not a substantial part of her day, they provide some support for the decision to discredit plaintiff's testimony.[9] Moreover, the Commissioner "may consider ... ordinary techniques of credibility evaluation, such as ... inconsistent statements...."[10]

Claimant's medical records do not show significant weight loss, atrophy, or muscular wasting. The Commissioner was entitled to consider such evidence in determining that Armbruster's pain was less than she claimed. Similarly, the Commissioner was entitled to rely on "observations of treating and examining physicians"[11] and on the bulk of the medical evidence, which conflicted with plaintiff's claims regarding her functional capacity. In combination, these considerations provide the necessary justification for not fully crediting plaintiff's testimony.

*3. Armbruster's Past Work.* On the facts of this case, to prove she is disabled, Armbruster bears the burden of showing that "she is not able to perform any work that she has done in the past."[12] The Commissioner concluded Armbruster had not met her burden. He found that she could perform her past work as a motor vehicle field officer and as a data entry clerk.

 At the administrative hearing, the vocational expert explained that someone with Armbruster's limitations cannot do the job of a data entry clerk because it involves repetitive keyboard use all day. However, the expert also explained that someone with the same limitations could perform the job of motor vehicle field officer, because the data entry responsibilities of that job are not as frequent. Armbruster claims that the majority of her motor vehicle field officer duties involve data entry. Even assuming the Commissioner had to accept this assertion, a majority could mean 51% or 90%. The Commissioner did not err by crediting the vocational expert's testimony that Armbruster could perform her past work because the frequency of data entry in such a job was not as high as that of a data entry clerk. Because the Commissioner properly found that Ms. Armbruster could perform the job of a motor vehicle field officer, his mistake concerning the job of data entry clerk constitutes harmless error under *Curry v. Sullivan.*[13]

*4. Substantial Evidence.* For the same reasons we reject Armbruster's more specific challenges, we reject her contention that the Commissioner's findings were not supported by substantial evidence. We thus affirm his decision.

AFFIRMED.

**8.** *Morgan v. Commissioner of the Social Security Administration,* 169 F.3d 595, 600 (9th Cir.1999).

**9.** *See Vertigan v. Halter,* 260 F.3d 1044, 1050 (9th Cir.2001).

**10.** *Smolen v. Chater,* 80 F.3d 1273, 1284 (9th Cir.1996).

**11.** *Id.*

**12.** *Thomas v. Barnhart,* 278 F.3d 947, 955 (9th Cir.2002).

**13.** *Curry v. Sullivan,* 925 F.2d 1127, 1131 (9th Cir.1990).