**Linda BARRON, Plaintiff—Appellant,**

v.

**Michael J. ASTRUE,[*] Defendant—Appellee.**

No. 06–15172.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 7, 2007.

Filed Jan. 8, 2008.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of

the Social Security Administration. Fed. R.App. P. 43(c)(2).

Barbara Marie Rizzo, Moss Beach, CA, for Plaintiff–Appellant.

Sara Winslow, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, Leo R. Montenegro, Esq., SSA—Social Security Administration Office of the General Counsel, Joann M. Swanson, Esq., Kevin V. Ryan, U.S. Attorney's Office, San Francisco, CA, for Defendant–Appellee.

Before: KOZINSKI, Chief Judge, COWEN ** and HAWKINS, Circuit Judges.

## MEMORANDUM ***

■ 1. The ALJ provided clear and convincing reasons for rejecting Barron's testimony by noting that it conflicted with the "objective medical evidence." 20 C.F.R. § 404.1529(a).

■ 2. The ALJ gave specific and legitimate reasons for rejecting Dr. Zizmor's report by explaining that it was based on Barron's subjective complaints and conflicted with other medical reports. *See Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir.1987).

■ 3. The ALJ was not required to credit Barron's daughter's testimony, which was "lay testimony that conflicted with the available medical evidence." *Vincent ex rel. Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir.1984) (per curiam).

■ 4. Multiple doctors determined that Barron didn't have any mental functional limitations, so substantial evidence supports the ALJ's finding that Barron doesn't have a severe mental impairment. *See Sanchez*, 812 F.2d at 511.

■ 5. Barron failed to establish that her diabetes met "*all* of the specified medical criteria" under 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 9.08. *Sullivan v. Zebley*, 493 U.S. 521, 530, 110 S.Ct. 885, 107 L.Ed.2d 967 (1990) (emphasis in original).

■ 6. Substantial evidence supports the ALJ's finding that Barron can perform other work. Barron's "exertional limitation falls between two grid rules," so the ALJ fulfilled "his obligation to determine the claimant's occupational base by consulting a vocational expert." *Thomas v. Barnhart*, 278 F.3d 947, 960 (9th Cir.2002). The hypothetical question posed to the vocational expert was proper because the ALJ rejected Barron's testimony and Dr. Zizmor's report. The ALJ therefore prop-

---

** The Honorable Robert E. Cowen, Senior United States Circuit Judge for the Third Circuit, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

erly relied on the vocational expert's testimony in determining the jobs Barron could perform. *See Johnson v. Shalala,* 60 F.3d 1428, 1436 (9th Cir.1995). Additionally, the ALJ didn't err by classifying Barron as "closely approaching advanced age," as she was 54 years and 8 months old at the time of the ALJ's decision. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 201.00(f)–(g). The SSA was therefore not required to show that there was "very little, if any, vocational adjustment required." *Id.* § 201.00(f).

**AFFIRMED.**

HAWKINS, Circuit Judge, specially concurring:

Although it is not at all clear that the ALJ properly discounted the testimony of Barron's daughter or correctly questioned the Vocational Expert with respect to apparent conflicts between his testimony and the Dictionary of Occupational Titles, any error was likely harmless. I therefore concur in affirming the district court's summary judgment grant.