NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 27 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LANCE RICHARD RHOADES,

Plaintiff-Appellant,

v.

ANDREW SAUL, Commissioner of
Social Security,

Defendant-Appellee.

No. 18-16945

D.C. No. 2:16-cv-02544-DMC

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of California,
Dennis M. Cota, Magistrate Judge, Presiding

Argued and Submitted March 5, 2020
San Francisco, CA

Before: WARDLAW, M. SMITH, and BUMATAY, Circuit Judges.

Lance Rhoades appeals the district court's order affirming the Commissioner

of Social Security's decision to deny him disability benefits. We have jurisdiction

under 28 U.S.C. § 1291, and we affirm.

1. Substantial evidence supports the administrative law judge's ("ALJ")

conclusion that Rhoades retained the residual functional capacity to perform

---

[*] This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

medium work despite his impairments on both shoulders. For example, Dr. Kristof Siciarz, the consultative examining physician, found that Rhoades—though limited by his right shoulder—could sit for eight hours a day, could handle objects with both hands, had full use of his fingers, and could occasionally lift and carry fifty pounds. The ALJ properly gave Dr. Siciarz's opinion, which was supported by Rhoades's medical record and other medical opinions, "substantial weight," ultimately concluding that Rhoades was not disabled. Contrary to Rhoades's argument, the ALJ did not fail to resolve a conflict between the opinions of his treating physician, Dr. Norman Verhoog, and those of Dr. Siciarz. Nothing in Dr. Verhoog's treatment notes contradicts the ALJ's findings.

2.      In denying Rhoades's disability claim, the ALJ discounted his subjective complaints of pain and functional limitations. The ALJ had sufficient reason to do so. For example, the ALJ noted Rhoades's inconsistent statements about the range and type of activities he could perform and that Rhoades's purported functional limitations were out of proportion to objective medical findings. The ALJ also rejected testimony from Rhoades's family members and his best friend for largely the same reasons. *See Molina v. Astrue*, 674 F.3d 1104, 1114 (9th Cir. 2012) ("[I]f the ALJ gives germane reasons for rejecting testimony by one witness, the ALJ need only point to those reasons when rejecting similar testimony by a different witness.").

3. Substantial evidence also supports the ALJ's findings regarding Rhoades's mental capacity and right-hand limitations. The ALJ cited specific evidence—among other things, that Rhoades could perform detailed and complex tasks and accept instruction from supervisors—that supported the conclusion that Rhoades's mental functioning was normal. With respect to his right hand, Dr. Siciarz noted that Rhoades was expected to have good improvement and had finger movement after his carpal tunnel surgery, a determination supported by Dr. Verhoog's finding that the surgery included no complications, surgical failures, or conditions limiting improvement. Rhoades points to nothing in the record that contradicts this evidence.

4. The ALJ also did not err in framing hypothetical questions to the vocational expert. As noted above, the ALJ appropriately discounted Rhoades's subjective complaints of chronic pain. The ALJ, therefore, was not required to pose hypothetical limitations based on those complaints. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001) (holding that the ALJ did not err in omitting limitations that claimant had asserted but had failed to prove).

5. Finally, Rhoades challenges the district court's refusal to remand his case to the ALJ for consideration of new evidence. Rhoades seeks consideration of (1) a July 27, 2016 MRI of his right shoulder and (2) an October 21, 2016

3

evaluation of that MRI. These reports post-date the ALJ's final disability hearing on April 7, 2016 by more than three months.

New evidence warrants remand to the ALJ for further proceedings where the evidence is (1) material and (2) there exists good cause for its late submission. 42 U.S.C. § 405. To be material, the new evidence must be "probative of [the claimant's] condition as it existed . . . at or before the disability hearing." *Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511 (9th Cir. 1987).

We agree with the district court that Rhoades failed to show that the two reports were material. Rhoades confirmed at oral argument that the new MRI report contained at least one brand new injury since his disability hearing and that the new injury could be the subject of a new benefits claim. The new evidence is, therefore, not probative of the claimant's condition "as it existed . . . at or before" the April 2016 administrative hearing. *Id.*

**AFFIRMED**.