**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETER GURIN,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>ANDREW M. SAUL, Commissioner of Social Security,<br><br>        Defendant-Appellee. | No.   20-55103<br><br>D.C. No.<br>2:18-cv-05583-DSF-JEM<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Submitted December 9, 2020[**]
Pasadena, California

Before: OWENS and LEE, Circuit Judges, and COGAN,[***] District Judge.

Peter Gurin asks this court to reverse the Commissioner of Social Security's

denial of disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

[***] The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

affirm.

1.      Gurin argues that the ALJ erred in finding that he was not severely mentally impaired. To begin with, he claims that the ALJ erred by failing to follow the special technique for evaluating mental impairments in 20 C.F.R. § 404.1520a (2011).[1] Under that technique, the ALJ must determine whether an applicant has a medically determinable mental impairment and then rate the degree of functional limitation in each area. *Id.* § 404.1520a(a-b). The ALJ must then "document application of the technique in the decision." *Id.* § 404.1520a(e). Failure to so document the technique is an error that requires remand. *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 725 (9th Cir. 2011). Here, the ALJ organized the examining psychologist's pertinent findings along the statutorily-mandated categories and adopted the psychologist's blanket finding that Gurin was not severely impaired in any of the functional categories. The ALJ thus followed the special technique for evaluating mental impairments.

2.      Gurin next claims that the ALJ improperly rejected the opinions of his treating psychologist. First, he notes that his treating psychologist opined that he was disabled, and he claims that the ALJ did not give required "specific, legitimate

---

[1] These criteria have been revised as of January 18, 2017. 20 C.F.R. § 404.1520a. The cited criteria reflect those that applied at the time of the August 10, 2016 decision.

2

reasons" for discounting this opinion. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). But the ALJ provided a specific and legitimate reason for discounting Gurin's treating psychologist: an examining psychologist made specific findings about Gurin's mental impairment and concluded that he was not severely mentally impaired. *See Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes*, 881 F.2d at 751).

Next, Gurin claims that the ALJ failed to follow the regulation-mandated methodology for weighing a treating physician's medical opinion. *See* 20 C.F.R. §§ 404.1527(c)(2)(i)–(c)(2)(ii) & (c)(3)–(c)(6). This argument lacks merit. The ALJ noted that Gurin saw his treating psychologist only six times in the span of a year, he stopped meeting with his psychologist at the end of that year, and his psychologist's opinion was contradicted by the findings and opinions of both examining and non-examining doctors. And the ALJ noted numerous times that Gurin's "wide array of activities of daily living" were inconsistent with disability. These considerations track those required by the regulation.

Third, Gurin asks the court to remand so that the ALJ can consider a second letter written by his treating psychologist dated October 2016. But the contents of that letter relate to events beginning in September 2016, which is after the ALJ's August 2016 decision. And remand is unjustified when the later-submitted evidence

3

relates to a period after the ALJ's decision. *See Sanchez v. Sec'y of Health & Human Servs.*, 812 F.2d 509, 511–12 (9th Cir. 1987).

Finally, Gurin argues that the ALJ failed to fully develop the record by not seeking to obtain his treating psychologist's treatment records and/or the records of a physician who prescribed him depression medication. The ALJ has a duty to conduct an appropriate inquiry where the evidence is ambiguous or the ALJ finds that the record is inadequate to allow for the proper evaluation of the evidence. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). But here the record provided specific and sufficient evidence, and the record was therefore neither ambiguous nor inadequate.

3. Gurin next argues that substantial evidence does not support the ALJ's Residual Functioning Capacity (RFC) determination that Gurin could perform a restricted range of light work. Yet multiple examining and reviewing physicians found that Gurin could indeed perform a restricted range of light work. And none of Gurin's treating physicians assessed any functional limitations. Gurin has the burden to prove that his impairments render him disabled. *See Matthews v. Shalala*, 10 F.3d 678, 680 (9th Cir. 1993) (explaining that the mere diagnosis of an impairment is insufficient to establish disability and that the claimant must prove impairment is disabling). He has failed to carry that burden.

4

Gurin next argues that the ALJ erred in finding at step four of the sequential process that Gurin can perform his past relevant work as a director of operations, both as actually and as generally performed. Specifically, Gurin argues that his in-hearing testimony about working in the shop and lifting objects indicates that his job was a "composite" job, composed of both administrative and physical work. There was a discrepancy between Gurin's written vocational report and his testimony at the hearing about the type of work he had previously performed. But the "ALJ is responsible for determining credibility . . . and for resolving ambiguities. We must uphold the ALJ's decision where the evidence is susceptible to more than one rational interpretation." *Andrews*, 53 F.3d at 1039-40 (internal citation omitted).

4. Finally, Gurin argues that the ALJ erred by discounting the subjective symptom testimony presented by Gurin and his sister.

An "ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (internal quotation marks and citation omitted). The ALJ offered several specific, clear and convincing reasons for so discounting Gurin's testimony. First, the ALJ found that Gurin's activities of daily living were inconsistent with disability. Second, the ALJ found that Gurin's subjective symptom claims were inconsistent with the credited medical evidence. Third, the ALJ noted that Gurin had received conservative treatment and

5

declined more aggressive treatments. *See Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008).

The ALJ also properly discounted his sister's testimony. An ALJ must give "germane reasons" for rejecting third party and lay witness testimony. *Lewis v. Apfel*, 236 F.3d 503, 512 (9th Cir. 2001). The ALJ gave germane reasons. First, the ALJ noted that this testimony conflicted with Gurin's own testimony that he engaged in a wide array of daily activities and social relationships. Second, the ALJ observed that her testimony was contradicted by the mild medical findings — none of which suggested that Gurin had memory problems, an inability to walk, or difficulty conversing. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2011) (finding that an inconsistency with the medical evidence is a germane reason for rejecting third party testimony). These reasons are sufficient.

**AFFIRMED.**